[617 NYS2d 377]

In the Matter of COLONIAL LIFE INSURANCE COMPANY OF AMERICA, Respondent-Appellant, v SALVATORE R. CURIALE, as Superintendent of Insurance of the State of New York, et al., Appellants-Respondents.

Third Department, October 13, 1994

## APPEARANCES OF COUNSEL

*G. Oliver Koppell, Attorney-General,* Albany *(Deirdre Roney* of counsel), for Salvatore R. Curiale, appellant-respondent.

*Hinman, Straub, Pigors & Manning,* Albany *(Bartley J. Costello, III,* of counsel), for New York State Conference of Blue Cross and Blue Shields Plan, appellant-respondent.

*LeBoeuf, Lamb, Greene & MacRae,* New York City *(Jay G. Safer, Stephen H. Orel* and *Ellen M. Dunn* of counsel), for respondent-appellant.

*Couch, White, Brenner, Howard & Feigenbaum,* Albany *(Harold N. Iselin* of counsel), for New York State Health Maintenance Organization Conference, *amicus curiae.*

*Windels, Marx, Davies & Ives,* New York City *(Craig P. Murphy* of counsel), for Health Insurance Association of America, *amicus curiae.*

## OPINION OF THE COURT

PETERS, J.

Petitioner is a commercial insurance company which issues small group health insurance policies in this State. Petitioner challenged two regulations promulgated by respondent Superintendent of Insurance to implement chapter 501 of the Laws of 1992 (hereinafter chapter 501). Chapter 501 requires a commercial insurer doing business in this State to employ "community rating"[1] and to offer "open enrollment"[2] for any

---

**1.** Community rating requires the insurer to base the policy premium on the experience of the entire pool of risks covered by that policy without regard to age, sex, health status or occupation (Insurance Law § 3231 [a]).

**2.** Open enrollment requires that any individual or small group applying for health insurance coverage must be accepted for any coverage offered by the insurer (Insurance Law § 3231 [a]).

insurance policies issued in this State. The underpinning of the new law was to spread the risk among more people and provide greater rate stability. The Superintendent was directed to promulgate regulations designed to protect insurers writing policies from claim fluctuations and "unexpected significant shifts in the number of persons insured" (Insurance Law § 3233 [a]). Pursuant thereto, the Superintendent promulgated 11 NYCRR parts 360 and 361 which implemented what he deemed a statutory directive that insurers be required to share the risk of high-cost claims by establishing a pool system which compares the risk of insurers in seven regions of the State (11 NYCRR 361.3 [e] [3]). After these comparisons were made, insurers with worse than average demographic factors would get money from regional pooling funds, while insurers with better than average factors would pay money into these pooling funds.

Petitioner commenced this proceeding seeking to have 11 NYCRR part 361 and two provisions of 11 NYCRR part 360 invalidated. Supreme Court dismissed the petition to the extent that it challenged 11 NYCRR part 361, but granted the petition with respect to 11 NYCRR part 360. The parties have cross-appealed from the adverse portions of the court's judgment.[3]

█ Preliminarily, it must be noted that this matter should have been commenced as a declaratory judgment action instead of a CPLR article 78 proceeding (see, Matter of Consolation Nursing Home v Commissioner of N. Y. State Dept. of Health, 194 AD2d 149, lv granted 83 NY2d 759; Matter of Lazore v Board of Trustees, 191 AD2d 764) and therefore the proceeding will be so converted (see, CPLR 103 [c]; Matter of Wright v Town Bd., 169 AD2d 190, lv denied 79 NY2d 751).

█ Petitioner contends that the pool system established by 11 NYCRR part 361 violates the intent of chapter 501 since the Legislature did not intend that (1) contributions to the system be mandatory, (2) contributions be based on existing policies, and (3) Empire Blue Cross and Blue Shield (hereinafter Empire) participate. We first note that it is well settled that the Superintendent's interpretation of the Insurance Law provisions is entitled to great deference because of his special

---

3. Respondent New York State Conference of Blue Cross and Blue Shield Plans was permitted to intervene and has also appealed from the Supreme Court's judgment. This Court has also permitted the Health Insurance Association of America and the New York State Health Maintenance Organization Conference to file amici curiae briefs.

competence and expertise with respect to the insurance industry unless such interpretation is irrational or contrary to the clear wording of a statutory provision *(see, Matter of Medical Malpractice Ins. Assn. v Superintendent of Ins. of State of N. Y.,* 72 NY2d 753, *cert denied* 490 US 1080).

The Superintendent established the pool system pursuant to Insurance Law § 3233 which provided that "the superintendent shall promulgate regulations to assure an orderly implementation and ongoing operation of the open enrollment and community rating required by [Insurance Law §§ 3231 and 4317] * * *. The regulations shall apply to all insurers and health maintenance organizations subject to community rating" (Insurance Law § 3233 [a]). Based upon such language, there exists a clear expression by the Legislature that regulations shall be promulgated to further open enrollment which "shall include reinsurance or a pooling process involving insurer contributions to, or receipts from, a fund" (Insurance Law § 3233 [c]) and that those regulations "shall apply to all insurers and health maintenance organizations subject to community rating" (Insurance Law § 3233 [a]). Accordingly, considering the statute as a whole and keeping in mind its objective of stabilizing health insurance premiums, we find that Supreme Court correctly found that the Legislature intended to create a mandatory pooling system.

Addressing petitioner's contention that 11 NYCRR part 361 is invalid since the Legislature intended pool contributions to be based on policies written after the effective date and not to existing policies, we find that Supreme Court properly rejected this contention. Supreme Court correctly observed that chapter 501 specified that only certain provisions thereof would apply to policies written in the future *(see, e.g.,* L 1992, ch 501, § 21), with the section establishing the pooling system not so specified. Our review of the regulations reveals that they were not retroactive since they were not made effective as of a date prior to their promulgation *(cf., Matter of Consolidated Edison Co. v State Bd. of Equalization & Assessment,* 103 AD2d 453, *affd* 67 NY2d 783, *appeal dismissed* 479 US 801). Accordingly, since 11 NYCRR part 361 requires calculations of relative risk to be made based upon all policyholders not just new policyholders, we find that the subject regulation is in accordance with the legislative directive *(see also, First United Am. Life Ins. Co. v Curiale,* 200 AD2d 243).

Petitioner next contends that 11 NYCRR part 361 violates the legislative intent since only commercial insurers and not

Empire were to participate in the pool system. We disagree. The language of Insurance Law § 3233 (a) directs the Superintendent to promulgate regulations "to assure an orderly implementation and ongoing operation of the open enrollment and community rating required by [Insurance Law §§ 3231 and 4317]". It further specifies that "[t]he regulations shall apply to all insurers and health maintenance organizations subject to community rating". Hence, these statutory directives coupled with Insurance Law § 4317, which imposes the requirements of open enrollment and community rating on not-for-profit insurers of which Empire is a part, require us to dismiss petitioner's contentions.

Finally, petitioner contends that 11 NYCRR part 361 imposes an unconstitutional tax, gives State money to private organizations and takes property without just compensation. Our review indicates that the Legislature intended pool payments be mandatory and that those payments consist of the amounts necessary to permit sharing or equalization of the risk of high-cost claims (see, Insurance Law § 3233 [c]). Having chosen to require such payments, the Legislature could therefore delegate the responsibility to the Superintendent to collect such amounts (see, Greater Poughkeepsie Lib. Dist. v Town of Poughkeepsie, 81 NY2d 574; Gautier v Ditmar, 204 NY 20). We find that such pool contributions are a valid exercise of the Legislature's power to regulate (see generally, Health Ins. Assn. v Harnett, 44 NY2d 302) and as the enactment intended to regulate rather than generate revenue, it is not a tax (see, United States v Butler, 297 US 1; Matter of Medical Malpractice Ins. Assn. v Superintendent of Ins. of State of N. Y., 72 NY2d 753, supra; Health Ins. Assn. v Harnett, supra; see also; San Juan Cellular Tel. Co. v Public Serv. Commn., 967 F2d 683).

We further find that Supreme Court properly rejected the contention that the pooling contributions constituted a gift of State money to a private organization in violation of NY Constitution, article VII, § 8 (1). As Supreme Court noted (159 Misc 2d 221, 226), the State Constitution "provides authority for the Legislature to protect New Yorkers against sickness, by insurance or otherwise". Since the Legislature directed the Superintendent to promulgate such regulations to implement chapter 501, we find that there is nothing in NY Constitution, article VII, § 8 (1) which indicates that the delegation was invalid. We further agree with Supreme Court that there has not been an unconstitutional taking of what petitioner con-

tends is its low-risk value of its book of business. We find, as did Supreme Court, that petitioner cannot support its contention that it has a constitutionally protected interest in maintaining a healthier than average risk pool *(see, Birnbaum v State of New York,* 73 NY2d 638, *rearg denied* 74 NY2d 893, *cert denied* 494 US 1078; *Rochester Gas & Elec. Corp. v Public Serv. Commn.,* 71 NY2d 313).

■ Supreme Court invalidated 11 NYCRR 360.4 (c) and 360.3 (a) (1) (ii), holding that they exceeded the scope of the authority delegated to the Superintendent by chapter 501. The Superintendent promulgated 11 NYCRR 360.4 (c) in response to his understanding of the statutory directive contained in Insurance Law § 3231 (b), which reads as follows: "Nothing herein shall prohibit the use of premium rate structures to establish different premium rates for individuals as opposed to family units or separate community rates for individuals as opposed to small groups. Individual proprietors and groups of two must be classified in the individual or small group rating category by the insurer."

Supreme Court held that this requirement exceeded the Superintendent's authority, determining that Insurance Law § 3231 (b) applied only to the rating of policies and "does not provide authority for requiring insurers of small groups to extend coverage to individual proprietors and groups of two" *(supra,* at 228). Should the Superintendent's regulation be permitted to stand, Supreme Court reasoned, and we agree, that the definition of "small group" contained in Insurance Law § 3231 (a) would be impermissibly expanded to now require small group insurers to cover individual proprietors and/or groups of two contrary to the clear and unambiguous language in the statute. It would also run counter to the legislative directive that the implementing regulations shall not require any insurer to enter any line of business as a condition of continuing in any other line of business *(see,* Insurance Law § 3233 [a]). Hence, as Supreme Court reasoned, since "an administrative agency may not promulgate a regulation that adds a requirement that does not exist under the statute" *(Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg,* 78 NY2d 194, 204), we affirm Supreme Court's determination to annul this provision.

■ As to 11 NYCRR 360.3 (a) (1) (ii), we find that Supreme Court's findings should not be disturbed. Under Insurance Law § 4235 (c) (1), if less than 50% of employees in a group do not agree to participate in a plan, the insurer does not have to

offer coverage to the group. The Superintendent, however, promulgated 11 NYCRR part 360.3 (a) (1) (ii) which provides as follows: "[F]or purposes of determining said participation requirements, insurers must include as participating all eligible employees or members of the group covered under all the alternative health maintenance organization plans made available by the group." Supreme Court properly invalidated the regulation since chapter 501 did not amend or change the minimum participation requirements set forth in Insurance Law § 4235 (c) (1) and the Superintendent therefore exceeded his authority by redefining the calculation of participation levels *(see generally, Matter of Health Ins. Assn. v Corcoran,* 154 AD2d 61, *affd* 76 NY2d 995).

MIKOLL, J. P., CREW III, WHITE and YESAWICH JR., JJ., concur.

Ordered that the judgment is modified, on the law, without costs, by converting this proceeding to a declaratory judgment action; it is declared that petitioner has not shown 11 NYCRR part 361 to be invalid, and it is declared that 11 NYCRR 360.4 (c) and 360.3 (a) (1) (ii) are invalid; and, as so modified, affirmed.