■ In the Matter of ROBERT E. LEE et al., Appellants, v RONALD B. LA BRAKE, Individually and as Employee (Senior Examiner) of the State of New York Insurance Department, et al., Respondents. [635 NYS2d 866] —Judgment unanimously reversed on the law without costs, petition reinstated and judgment granted in accordance with the following Memorandum: Anthony and Nelson Fasciano, Jr., operators of a business in Niagara Falls, suffered a loss due to water damage from a broken pipe in their warehouse. A claim for that loss was made through their broker, Robert E. Lee. The Hartford Insurance Company denied the claim because the loss was not covered under their policy. The Fascianos claimed that they contracted for an "all risk" policy, rather than the policy Lee secured from Hartford that did not cover the loss. Subsequently, Lee was contacted by a representative of the State Insurance

Department, who indicated that a telephone complaint had been made by the Fascianos about the denial of their claim.

Lee received a letter dated May 31, 1994, confirming that the Department had received a complaint concerning the policy issued by Hartford and requesting him to provide a detailed statement of his agency's handling of the transaction. After responding, Lee was later notified to attend a meeting in Buffalo. He appeared with counsel, who registered an objection when it became apparent that the meeting was in the nature of a hearing. Counsel objected on the grounds that they had been advised to appear for a "meeting", not a "hearing" or investigation, and that the State Insurance Department lacked authority or jurisdiction to proceed.

Prior to the date of a rescheduled "conference", Lee (petitioner) commenced this CPLR article 78 proceeding in the nature of prohibition seeking to enjoin and prohibit the State of New York Insurance Department (respondent) from requiring him to appear and answer questions at any informal meeting, conference, investigation or hearing concerning the Fascianos' complaint. In their answer, respondents sought dismissal of the petition, contending, *inter alia,* that prohibition does not lie because respondent is not acting in a judicial or quasi-judicial capacity. Supreme Court dismissed the petition.

We note at the outset that this matter should have been commenced as a declaratory judgment action instead of a CPLR article 78 proceeding in the nature of prohibition *(see, Matter of Colonial Life Ins. Co. v Curiale,* 205 AD2d 58, 61). Accordingly, we convert the proceeding to an action for a declaratory judgment *(see,* CPLR 103 [c]; *Matter of Colonial Life Ins. Co. v Curiale, supra,* at 61; *Matter of Laird v Town of Montezuma,* 191 AD2d 986, 987).

The gravamen of the Fascianos' complaint against petitioner is that petitioner failed to obtain an "all risk" policy of insurance covering the building. Petitioner contends that there is a factual dispute whether he was to arrange for an "all risk" policy rather than the named peril policy issued for the building, and that the Fascianos are asking respondents to investigate for them a possible errors and omissions claim against petitioner. Respondents contend that the "meeting" sought to be held is authorized by 11 NYCRR 216.4 (c).

As petitioner properly notes, 11 NYCRR 216.4 (c) relates to "insurers", not insurance agents or brokers, and relates to "unfair claims settlement practices" (11 NYCRR part 216), which are not involved in this case. We note that, according to

the Opinions of General Counsel of the Insurance Department, if a complaint involves disputed issues of fact, the complainant will be notified that the matter is outside the scope of the Department's authority, and must be decided in a court of competent jurisdiction (1988 Opns Gen Counsel No. 88-63; *see also,* 1991 Opns Gen Counsel No. 91-22).

Unlike *Matter of Palancia Agency v Corcoran* (Sup Ct, NY County, Apr. 6, 1987, index No. 7626/87), the case relied upon by Supreme Court in this case, petitioner questioned the investigatorial authority of respondent at the outset. It appears that the Fascianos are contemplating a civil action. We conclude that a civil action is the proper forum for the resolution of the disputed issues of fact.

Therefore, we reverse the order on appeal, reinstate the petition, convert the proceeding to an action for declaratory judgment and grant judgment in favor of petitioner, declaring that respondent State Insurance Department lacks authority to conduct an investigatory meeting, conference or hearing in this matter. (Appeal from Judgment of Supreme Court, Erie County, Whelan, J.—CPLR art 78.) Present—Pine, J. P., Fallon, Callahan, Davis and Boehm, JJ.