*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: February 2, 2017                    521311
_____

In the Matter of CHRISTOPHER
    ELLISON,
                        Appellant,
                        et al.,
                        Petitioners,
        v                                        MEMORANDUM AND ORDER

TINA M. STANFORD, as Chair of
    the New York State Board
    of Parole, et al.,
                        Respondents.
_____

Calendar Date:   November 29, 2016

Before:   McCarthy, J.P., Egan Jr., Rose, Clark and Aarons, JJ.

_____

        Christopher Ellison, Comstock, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Laura
Etlinger of counsel), for respondents.

_____

        Appeal from a judgment of the Supreme Court (McDonough,
J.), entered May 12, 2015 in Albany County, which, in a combined
proceeding pursuant to CPLR article 78 and action for declaratory
judgment, granted respondents' motion to dismiss the
petition/complaint.

        Petitioner Christopher Ellison (hereinafter petitioner) and
eight other inmates in the custody of the Department of
Corrections and Community Supervision commenced this combined
proceeding pursuant to CPLR article 78 and action for a
declaratory judgment seeking to challenge the regulations set
forth in 9 NYCRR 8002.3 governing the parole release procedures

adopted by the Board of Parole in 2014, as well as certain provisions of the Executive Law and 9 NYCRR 8006. Respondents moved to dismiss the petition/complaint on various grounds, including lack of standing. Supreme Court granted the motion and dismissed the petition/complaint for lack of standing. Petitioner now appeals.

We affirm. It is well settled that "[s]tanding is a threshold issue requiring an actual legal stake in the outcome of the action, namely an injury in fact worthy and capable of judicial resolution" (Matter of Ferran v City of Albany, 116 AD3d 1194, 1195 [2014] [internal quotation marks and citation omitted]; see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772 [1991]). Claims that are speculative and not yet ripe for review will not confer standing upon a party (see Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation, 23 NY3d 1, 9 [2014]; Argyle Farm & Props., LLC. v Watershed Agric. Council of the N.Y. City Watersheds, Inc., 135 AD3d 1262, 1266 [2016]). Here, the petition/complaint does not allege that either petitioner or any of the other petitioner inmates have sustained actual injury as a result of the application of the subject regulations and statutory provisions. Although petitioner was denied parole in 2013, he does not challenge this denial, and the regulations that are the main focus of this proceeding/action were not even in effect at that time. Absent a demonstration that petitioner or the other petitioner inmates have suffered actual harm by the application of the regulations and statutory provisions to them, Supreme Court properly dismissed the petition/complaint for lack of standing (see Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation, 23 NY3d at 9; Matter of Gym Door Repairs, Inc. v New York City Dept. of Educ., 112 AD3d 1198, 1199 [2013]).

McCarthy, J.P., Egan Jr., Rose, Clark and Aarons, JJ., concur.

-3-                          521311

ORDERED that the judgment is affirmed, without costs.



                     ENTER:

                     Robert D. Mayberger
                     Clerk of the Court