Matter of Juarez v New York State Off. of Victim Servs. (2019 NY Slip Op 00653)





Matter of Juarez v New York State Off. of Victim Servs.


2019 NY Slip Op 00653


Decided on January 31, 2019


Appellate Division, Third Department


Garry P.J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 31, 2019

526699

[*1]In the Matter of WENCESLAO JUAREZ et al., Appellants,
v
NEW YORK STATE OFFICE OF VICTIM SERVICES et al., Respondents.

Calendar Date: December 13, 2018

Before: Garry, P.J., Egan Jr., Devine, Aarons and Pritzker, JJ.


Boies Schiller Flexner LLP, Albany (Mark Singer of counsel), for appellants.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondents.



OPINION AND ORDER
Garry P.J.
Appeal from a judgment of the Supreme Court (Platkin, J.), entered December 20, 2017 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, among other things, partially granted respondents' motion for summary judgment dismissing the petition/complaint.
Petitioners Wenceslao Juarez, Serafin Rodriquez, Michelle Soriano and Daniel Velez are crime victims who were represented by petitioner Gordon, Jackson & Simon, Esqs. (hereinafter the law firm) in applications to respondent Office of Victim Services (hereinafter OVS) for compensation awards pursuant to Executive Law article 22. Specifically, in May 2016, the law firm represented Soriano in a claim for losses of emergency personal property (hereinafter EPP). OVS made an EPP award and denied Soriano's request for counsel fees. Soriano applied for reconsideration of the counsel fee denial, and OVS affirmed its prior decision [FN1]. In March 2016, the law firm represented Velez in a claim for EPP losses. OVS made an EPP award, but declined to award counsel fees. The law firm also represented Juarez and Rodriquez in claims for EPP losses and counsel fees.
In December 2016, the individual petitioners and the law firm commenced this hybrid action and proceeding to challenge amended regulations adopted by OVS in January 2016. In pertinent part, these regulations limit awards of counsel fees to those incurred in the representation of clients in applications for administrative reconsideration or judicial review (see [*2]9 NYCRR 525.9 [a], [c])[FN2]. Respondents filed a pre-answer motion to dismiss the petition/complaint. In June 2017, Supreme Court granted the motion in part, finding, as pertinent here, that the law firm lacked standing as it was not a crime victim within the scope of protection of Executive Law article 22. The court further found that Soriano and Velez had standing to challenge the amended counsel fee regulations, but that Juarez and Rodriquez did not, as their applications were not determined pursuant to the amendments. The court dismissed claims in the petition/complaint to that extent. No appeal was taken from these determinations.
Thereafter, respondents filed an answer and moved for summary judgment dismissing the petition/complaint in its entirety. In December 2017, Supreme Court partially granted respondents' motion. As relevant here, the court found that OVS did not exceed the scope of its rule-making authority by limiting counsel fee awards to those incurred during requests for administrative reconsideration and judicial review, that it was not arbitrary or irrational to exclude reimbursement for counsel fees incurred in the initial preparation of claims and that no petitioner had standing to challenge certain other provisions in the amended regulations. The court issued a judgment declaring that, to the extent of these determinations, the amended counsel fee regulations were an appropriate and lawful exercise of OVS's statutory authority, and granted summary judgment dismissing the claims in the petition/complaint that challenged the denial of counsel fees pursuant to the amended regulations. Petitioners appeal.
The Legislature's purpose in enacting Executive Law article 22 was to recognize and address the need to provide crime victims with financial assistance "as a matter of grace" (Executive Law § 620). The legislation empowers OVS to award compensation to victims for "[o]ut-of-pocket loss," which is defined to mean "unreimbursed and unreimbursable expenses or indebtedness reasonably incurred for medical care or other services necessary as a result of the injury upon which [a victim's] claim is based," including "the cost of reasonable attorneys' fees for representation before [OVS] and/or before the [A]ppellate [D]ivision upon judicial review not to exceed [$1,000]" (Executive Law § 626 [1]; see Executive Law § 629 [1]).
Executive Law § 623 (3) authorizes OVS to adopt regulations for the approval of counsel fee requests. Pursuant to that authority, OVS adopted regulations that formerly provided that crime victims making claims for compensation had the right to be represented by counsel "at all stages of a claim" (9 NYCRR 525.9 former [a]). The regulations previously further provided that "[w]henever an award is made to a claimant who is represented by an attorney, [OVS] shall approve a reasonable fee commensurate with the services rendered, up to $1,000" (9 NYCRR 525.9 former [c] [emphasis added]; see Executive Law § 626 [1]). The January 2016 amendments challenged here no longer provide that victims have a right to representation by counsel, stating instead that "victim[s] may choose to be represented . . . at any stage of a claim" (9 NYCRR 525.9 [a] [emphasis added]). They further provide that awards for counsel fees "may be considered" only for fees incurred in successful administrative reconsideration reviews and judicial review (9 NYCRR 525.9 [a]; see 9 NYCRR 525.3 [h]; 525.9 [c]). The amendments eliminated the requirement that reasonable counsel fees "shall" be paid when an award is made to a claimant represented by counsel, as well as a provision that had previously allowed OVS to disallow counsel fee claims upon its determination "that a claim was submitted without legal or factual basis and/or the claim or action is without merit and frivolous" (9 NYCRR 525.9 former [c]). The new regulation instead provides that "[OVS] may approve a reasonable fee commensurate with the services rendered, up to $1,000" (9 NYCRR 525.9 [c] [emphasis added]; see 9 NYCRR 525.9 [a]).
In a regulatory impact statement, OVS asserted that it made the amendments because the former regulations "far exceed[ed] the scope of [Executive Law § 626 (1)]," permitting [*3]claimants to "assert that attorneys' fees include any assistance during the course of a claim — from assisting victims and/or claimants in completing and submitting the OVS claim applications themselves, to making phone calls to check on the status of a claim on a claimant's behalf. Reading the plain language of the law, these are not reasonable expenses and not what the Legislature intended." OVS also noted that it distributes more than $35 million to fund 228 Victim Assistance Programs (hereinafter VAPs) located throughout the state for the purpose of providing assistance to crime victims in making claims for compensation.
Turning first to Supreme Court's determination that OVS did not exceed its statutory authority, an administrative agency possesses "those powers expressly conferred by its authorizing statute, as well as those required by necessary implication" (Matter of City of New York v State of N.Y. Commn. on Cable Tel., 47 NY2d 89, 92 [1979]; accord Matter of Acevedo v New York State Dept. of Motor Vehs., 29 NY3d 202, 221 [2017]). Where, as here, the Legislature has directed an agency to enact regulations that further the statutory scheme, "[the] agency can adopt regulations that go beyond the text of that legislation, provided they are not inconsistent with the statutory language or its underlying purposes" (Matter of General Elec. Capital Corp. v New York State Div. of Tax Appeals, Tax Appeals Trib., 2 NY3d 249, 254 [2004]; accord Matter of County of Westchester v Board of Trustees of State Univ. of N.Y., 32 AD3d 653, 655 [2006], mod 9 NY3d 833 [2007]). We need not defer to OVS's statutory interpretation, as the question whether the amendments in the counsel fee regulations are consistent with the language and purposes of Executive Law article 22 is "one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent" (Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459 [1980]; see Matter of Till v Apex Rehabilitation, 144 AD3d 1231, 1234 [2016], lv denied 29 NY3d 909 [2017]).
Executive Law § 626 (1) requires OVS to reimburse crime victims for out-of-pocket loss, which "shall . . . include . . . the cost of reasonable attorneys' fees for representation before [OVS] and/or before the [A]ppellate [D]ivision upon judicial review" (emphasis added). Our primary purpose in interpreting this provision "is to discern the will of the Legislature and, as the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (Matter of Lawrence Teachers' Assn., NYSUT, AFT, NEA, AFL-CIO v New York State Pub. Empl. Relations Bd., 152 AD3d 171, 173 [2017] [internal quotation marks, brackets and citation omitted], lv denied 30 NY3d 904 [2017]). Applying these principles, we find no authorization in the statute's plain language for OVS to conclude that counsel fees are never "reasonable" during the early stages of a claim and, thus, to categorically exclude awards of counsel fees for such representation in every instance. Neither this statutory language nor the similar language of Executive Law § 623 (3) — that authorizes OVS to promulgate regulations for the approval of counsel fees "for representation before [OVS] and/or before the [A]ppellate [D]ivision" — distinguishes among the stages of a victim's representation before OVS, nor does the statutory text suggest that OVS may do so. Instead, Executive Law § 626 (1) uses broad, mandatory language in providing that out-of-pocket loss "shall" include reasonable counsel fees for "representation," with no qualifications or limitations other than the $1,000 ceiling [FN3]. "[A]n administrative agency may not promulgate a regulation that adds a requirement that does not exist under the statute" (Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, 78 NY2d 194, 204 [1991]).
Moreover, nothing in the statement of legislative purpose for Executive Law article 22 — providing that "many innocent persons suffer personal physical injury or death as a result of criminal acts," that "[s]uch persons or their dependents may thereby suffer disability, incur financial hardships, or become dependent upon public assistance" and that "there is a need for government financial assistance for such victims of crime" — suggests any legislative intent to limit the amount of "aid, care and support" available under the legislation based merely upon the stage of a claim's progress (Executive Law § 620). The general provision that aid is available "as a matter of grace" does not contradict the specific statutory language that mandates the inclusion of reasonable counsel fees in awards for out-of-pocket loss (Executive Law § 620; see Executive Law § 626 [1]).
We further note that Executive Law § 627 (1) directs OVS to determine victims' claims for compensation in accordance with its regulations. The amended provisions conflict with this requirement in that they are not consistent with 9 NYCRR 525.9 (d). This regulation requires OVS to determine the reasonableness of a counsel fee award based upon specified factors, such as the time and labor required, the novelty and difficulty of the issues raised, the attorney's experience and skill and the results obtained. These factors necessarily contemplate a case-by-case examination of the circumstances of each claim. The amended regulation disregards these specified factors and precludes such case-by-case consideration for fees incurred in the early stages of a claim, determining the reasonableness of a fee award based solely upon the stage of representation when the fees were incurred — a factor that does not appear in the regulation.
OVS argues that its administrative experience has shown that the initial submission of a claim is a relatively simple process of completing a form — comprised of only a few pages and available online — that should not require the assistance of an attorney. While this may be true in some cases, the record demonstrates that it is not always true, as there are circumstances where an initial application for compensation may involve much more than the simple completion of a form. The record includes an application for emergency assistance, which may be awarded during the pendency of a claim when it appears that "an award probably will be made, and undue hardship will result to the claimant if immediate payment is not made" (Executive Law § 630 [1]; see 9 NYCRR 525.11). The application, prepared with the law firm's assistance, requests emergency moving and storage benefits on the ground that certain specified violent crimes had been committed against a victim, that the perpetrator had been convicted of these crimes, and that the perpetrator had also been convicted of criminal contempt for repeatedly violating orders of protection. The application consists of a letter detailing the emergency claim and 24 attachments; these include an OVS application, Health Insurance Portability and Accountability Act authorizations, multiple police reports and orders of protection, a United States Department of Housing and Urban Development certification of domestic violence, a physician's letter regarding the necessity for a move, and itemized estimates from two moving and storage companies, as well as a counsel fee invoice for approximately five hours of representation comprising conferences and communications made to assemble the supporting documents and gain information about the underlying crimes and circumstances, as well as drafting the application.
Counsel's application was successful; OVS made an emergency award of approximately $1,400 to the victim for moving and storage expenses, in addition to a later award for EPP losses. However, OVS denied the request for counsel fees under the amended regulations solely because they were not incurred during an administrative appeal or judicial review, with no consideration of such apparently pertinent regulatory factors as the skill, time and labor required, the time limitations imposed by the circumstances or the results obtained (see 9 NYCRR 525.9 [d]). To deny this counsel fee application simply because it was made at the outset of the victim's claim is not consistent with the broad purpose of Executive Law article 22 to provide financial assistance to needy crime victims, nor with the statutory language directing the inclusion of reasonable counsel fees in awards for out-of-pocket loss. Moreover, foreclosing victims who need emergency benefits from obtaining the assistance of counsel — or requiring them to pay their own counsel fees for such assistance — is inconsistent with the legislation's stated objective to protect such victims from "undue hardship" (Executive Law § 630 [1]). Instead, the language in [*4]Executive Law § 626 (1) that directs OVS to award reasonable counsel fees as part of reimbursement for out-of-pocket loss necessitates a case-by-case examination that applies the required regulatory factors to the circumstances of each application.
We reject respondents' contention that the amendments were proper as crime victims do not need the assistance of counsel during the early stages of a claim due to the availability of VAPs throughout the state. The substantial investment made by OVS in funding and developing VAPs lies within the agency's statutory authority, and has likely resulted in significant benefits to many victims. Nevertheless, OVS's internal decisions on how to allocate its resources for assisting victims in preparing claims cannot countermand the statutory language that requires it to include reasonable counsel fees in awards for out-of-pocket loss, nor may OVS refuse to allocate its resources for a purpose specifically directed by the Legislature. Whether VAPs provide sufficiently comprehensive assistance to replace representation by counsel in every claim that does not involve an administrative or judicial appeal is a policy determination to be made by the Legislature and not by OVS, which "may not, in the exercise of rule-making authority, engage in broad-based public policy determinations" (Rent Stabilization Assn. of N.Y. City v Higgins, 83 NY2d 156, 169 [1993], cert denied 512 US 1213 [1994]; accord Matter of General Elec. Capital Corp. v New York State Div. of Tax Appeals, Tax Appeals Trib., 2 NY3d at 254; Matter of County of Westchester v Board of Trustees of State Univ. of N.Y., 32 AD3d at 655).
The provisions in the amended regulations that limit counsel fee awards for crime victims to administrative appeals and judicial review are inconsistent with the language and purposes of Executive Law article 22 and in excess of the authority of OVS (see Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg, 78 NY2d at 203-204; Matter of New York Constr. Materials Assn., Inc. v New York State Dept. of Envtl. Conservation, 83 AD3d 1323, 1328-1329 [2011]; Matter of Colonial Life Ins. Co. of Am. v Curiale, 205 AD2d 58, 64 [1994]). Accordingly, the amended regulations must be annulled to that extent and the matter remitted to OVS for reconsideration of the counsel fee applications by Soriano and Velez under the factors set out in 9 NYCRR 525.9 (d). Petitioners' contention that the challenged amendments are arbitrary and capricious is rendered academic by this determination.
Finally, Supreme Court properly determined that no petitioner has standing to challenge provisions in the amended counsel fee regulations that limit counsel fee awards to successful applications and that may permit OVS to deny counsel fee awards even when an application is successful. A showing of an injury-in-fact is required to establish standing, and a petitioner who challenges regulations "has standing only to challenge those aspects of the [r]egulations that are triggered by his or her application" (Matter of Acevedo v New York State Dept. of Motor Vehs., 29 NY3d at 218; see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772-773 [1991]). Here, the record reveals that counsel fees were denied to Soriano and Velez based upon the regulatory provisions that limited counsel fee awards to those incurred in administrative appeals or upon judicial review. Neither award was denied based upon a lack of success in the underlying application or as a matter of discretion, and the counsel fee applications by Juarez and Rodriquez were not decided under the amended regulations. As petitioners suffered no direct harm as a result of these amendments, they lack standing to challenge them (see Matter of Acevedo v New York State Dept. of Motor Vehs., 29 NY3d at 218-219; Matter of Ellison v Stanford, 147 AD3d 1122, 1123 [2017], lv denied 29 NY3d 908 [2017]).
Egan, Jr., Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as granted respondents' motion for summary judgment dismissing (1) that part of the petition/complaint as sought a declaration that 9 NYCRR 525.9 as amended improperly limits counsel fee awards by respondent Office of Victim Services to those incurred in administrative appeals and/or judicial review, and (2) that part of the petition/complaint as sought to annul the amended regulations to that extent; motion denied to said extent, said amendments to 9 NYCRR [*5]525.9 annulled and matter remitted to said respondent for reconsideration of the applications for counsel fee awards as more fully set forth herein; and, as so modified, affirmed.



Footnotes

Footnote 1: Soriano did not make a separate application for counsel fees incurred in applying for reconsideration.

Footnote 2: The petition/complaint also challenged administrative practices by which OVS imposed per item caps on EPP awards and capped counsel fee awards in the same amount as EPP awards. In December 2017, Supreme Court found that these practices were invalid and granted the petition/complaint to that extent.

Footnote 3: We disagree with Supreme Court that the statutory provision authorizing OVS to adopt "rules for the authorization of qualified persons to assist claimants in the preparation of claims for presentation to [OVS]" indicates a legislative intent to distinguish between "representation before [OVS]" and "assist[ing] claimants in the preparation of claims" for the purpose of counsel fee awards (Executive Law § 623 [3]). This provision authorizes OVS to develop regulations for programs that assist victims, such as VAPs (see 9 NYCRR 525.22); nothing in its language indicates that it was intended to address OVS's authority to award counsel fees.