■ In the Matter of KENNETH H. KERN et al., Appellants, v NEW YORK STATE DEPARTMENT OF CIVIL SERVICE et al., Respondents. [732 NYS2d 600] —Cardona, P. J. Appeal from a judgment of the Supreme Court (McNamara, J.), entered August 4, 2000 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Civil Service Commission denying applications by petitioners Kenneth H. Kern and Mary Dickerson to take a civil service examination.

Petitioners Kenneth H. Kern and Mary Dickerson (hereinafter collectively referred to as petitioners) were former employees of the Department of Health at the Roswell Park Cancer Institute. On January 1, 1999, all Roswell Park Cancer Institute employees, including petitioners, were transferred to the Roswell Park Cancer Institute Corporation (hereinafter the corporation), a public benefit corporation created in 1997 by the Roswell Park Cancer Institute Corporation Act (L 1997, ch 5, § 2 [hereinafter the Act]; *see*, Public Authorities Law § 3553). Pursuant to the Act, the corporation and its employees are subject to the Civil Service Law and have the rights of State employees for purposes of the applicable provisions of the Civil Service Law, "[e]xcept as provided by [the Act] and rules issued pursuant thereto" (Public Authorities Law § 3556 [1] [b]; *see*, Public Authorities Law § 3557 [2]). The Act also provides, however, that such employees are ranked, examined, appointed, compensated and promoted pursuant to an internal merit system administered by a merit board (*see*, Public Authorities Law § 3556).

The record demonstrates that, following the transfer, petitioners sought to participate in State civil service examinations pursuant to Civil Service Law § 52. Their applications to take the New York State 1999 Promotional Test Battery Examination No. 01-001 were rejected in September 1999 by respondent Department of Civil Service on the basis that they did "not have permanent competitive status as [State employees]." Petitioners' appeal to respondent Civil Service Commission was denied. Petitioners, along with the president of the Public Employees Federation, commenced this CPLR article 78 proceeding to challenge that determination. Supreme Court dismissed the petition, finding that respondents rationally determined that the Civil Service Law applied only to public corporation employees' rights within the corporation.

On appeal, petitioners maintain that the Act grants employ-

ees of the corporation the same rights as State employees under the Civil Service Law, including the right to take State promotional examinations pursuant to Civil Service Law § 52. In doing so, petitioners challenge respondents' interpretation of the legislative provisions, arguing that respondents' determination is not entitled to special deference (*see generally*, *Matter of Judd v Constantine*, 153 AD2d 270). Regardless of the level of deference accorded to respondents, upon a review of the statutory scheme, under the circumstances herein, we find that petitioners are not properly included within the State civil service classification system to the extent they contend.

Significantly, "[a]s the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (*Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583). While it is true that the Act expressly provides in general terms for civil service coverage, collective bargaining rights and retirement rights for corporation employees (*see*, Public Authorities Law § 3551 [9]), it is also apparent that the Legislature elected not to confer upon the employees of the corporation all the benefits of the Civil Service Law inasmuch as the Act provides a specific procedure whereby they are ranked, compensated and promoted pursuant to an internal merit system specifically laid out in the legislation (*see*, Public Authorities Law § 3556). The merit system operates independently of the State civil service system, thus, corporation positions are classified separately and are not necessarily based upon the same criteria. Therefore, we conclude that the decision to deny petitioners the opportunity to take the State civil service examinations was not arbitrary, capricious or contrary to law (*see*, *Matter of Jennings v New York State Off. of Mental Health*, 90 NY2d 227, 239).

Petitioners' remaining arguments do not undermine this conclusion. While petitioners point out that the Act provides that employees of the corporation are eligible for "placement on and employment from preferred lists" (Public Authorities Law § 3556 [9]), it is also clear, as we have previously noted, that the Legislature did not intend corporation employees to have all of the benefits of the Civil Service Law by virtue of the fact that it has its own internal "merit system" (*see*, Public Authorities Law § 3556). The Legislature could have conferred the full benefits of the civil service system upon corporation employees as it did in the cases of the Thruway Authority (*see*, Public Authorities Law § 355), the Environmental Facilities Corporation (*see*, Public Authorities Law § 1289) and the Nas-

sau Health Care Corporation (*see*, Public Authorities Law § 3403). However, the Legislature instead chose to set forth a different procedure. Based on the foregoing, we must conclude that Supreme Court properly dismissed the petition.

Mercure, Crew III, Peters and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.