■ In the Matter of LONG ISLAND PINE BARRENS SOCIETY, INC., et al., Appellants, v SUPERVISOR OF TOWN OF SOUTHAMPTON et al., Respondents. [753 NYS2d 734] —In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent Planning Board of the Town of Southampton dated March 29, 2001, granting site-plan approval to the respondent Bridgehampton Road Races Corp., and numerous other determinations of the respondent municipalities granting sundry approvals to developments in Suffolk County, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Berler, J.), entered December 6, 2001, which denied the petition and dismissed the proceeding on the ground, inter alia, of lack of standing.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The individual petitioners did not meet their burden of establishing their standing to sue. They failed to indicate how the proposed land uses would cause them an injury in fact, different from that suffered by the public at large, within the zone of interest that the State Environmental Quality Review Act (*see* ECL art 8) is intended to protect (*see Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 773-774; *Matter of Rediker v Zoning Bd. of Appeals of Town of Philipstown,* 280 AD2d 548; *Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven,* 213 AD2d 484). The organizational

petitioners similarly lack standing, since they failed to demonstrate that one or more of their individual members would have standing to sue (*see Matter of Long Is. Pine Barrens Socy. v Town of Brookhaven, supra*).

The petitioners' remaining contentions are without merit. Santucci, J.P., H. Miller, Schmidt and Townes, JJ., concur.