■ In the Matter of ROGER E. BENSON, as President of New York State Public Employees Federation, AFL-CIO, et al., Respondents, v ROSWELL PARK CANCER INSTITUTE CORPORATION MERIT BOARD et al., Appellants. [754 NYS2d 812] —Appeal from that part of a judgment of Supreme Court, Erie County (Howe, J.), entered December 14, 2001, that granted in part the CPLR article 78 petition and vacated and annulled respondents' reclassification of seven positions at the Roswell Park Cancer Institute.

It is hereby ordered that the judgment insofar as appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is dismissed in its entirety.

Memorandum: Respondents appeal from that part of a judgment that granted in part the petition and vacated and annulled respondents' reclassification of seven positions at the Roswell Park Cancer Institute. We agree with respondents that Supreme Court should have dismissed the petition in its entirety. Respondent Roswell Park Cancer Institute Corporation (RPCIC) was established as a public corporation by Public Authorities Law, article 10-c, title 4. On January 1, 1999, all employees of the Roswell Park Cancer Institute, formerly operated by the New York State Department of Health, became employees of RPCIC. Pursuant to Public Authorities Law § 3556 (1) (a), positions at RPCIC are subject to NY Constitution, article V, § 6, which provides that appointments and promotions in the civil service of the state "shall be made according to merit and fitness to be ascertained, as far as practica-

ble, by examination which, as far as practicable, shall be competitive." Except as otherwise provided by Public Authorities Law, article 10-C, title 4, RPCIC and its employees are also subject to the provisions of the Civil Service Law, and the employees of RPCIC "have the rights of state employees for the purposes of such provisions of the civil service law" (Public Authorities Law § 3556 [1] [b]).

When employees of Roswell Park Cancer Institute became employees of RPCIC, certain positions were reclassified from competitive under Civil Service Law § 44 to noncompetitive under RPCIC's new merit system, and petitioners commenced this CPLR article 78 proceeding to challenge those reclassifications. The court concluded after trial that seven of the challenged positions had been improperly reclassified as noncompetitive. That was error.

"Administrative determinations concerning position classifications are * * * subject to only limited judicial review, and will not be disturbed in the absence of a showing that they are wholly arbitrary or without any rational basis" (*Cove v Sise*, 71 NY2d 910, 912; *see also Matter of Kern v New York State Dept. of Civ. Serv.*, 288 AD2d 674, 675). The burden is on those challenging the administrative determinations to make that showing (*see Cove*, 71 NY2d at 912; *Matter of Grossman v Rankin*, 43 NY2d 493, 502). Based on the record before us, we conclude that petitioners failed to do so with respect to the seven positions at issue herein.

"[P]ublic authorities are corporate bodies which, although created by the State, 'are independent and autonomous, deliberately designed to be able to function with a freedom and flexibility not permitted to an ordinary State board, department or commission'" (*Matter of Levy v City Commn. on Human Rights*, 85 NY2d 740, 744; *see* Public Authorities Law § 3551 [8]). Furthermore, in enacting section 3556, which creates the RPCIC Merit Board and the RPCIC internal merit system, "the Legislature did not intend [RPCIC] employees to have all of the benefits of the Civil Service Law" (*Kern*, 288 AD2d at 675). As noted, the Civil Service Law provisions apply to RPCIC employees unless the Public Authorities Law expressly provides otherwise. Here, the RPCIC merit system "operates independently of the State civil service system, [and] thus[ ] corporation positions are classified separately and are not necessarily based upon the same criteria" (*Kern*, 288 AD2d at 675).

We conclude that petitioners failed to establish that the seven reclassifications of the Merit Board were wholly arbitrary

or without any rational basis. In contending that the positions should have remained competitive based on the fact that they previously had been competitive within the state system, petitioners fail to recognize that the classification of one position as noncompetitive "may be permissible even though other persons in the same title [are] classified in the competitive class" (*Grossman*, 43 NY2d at 504), nor do petitioners recognize that RPCIC is authorized to use different criteria from the criteria used within the state system (*see Kern*, 288 AD2d at 675-676). Contrary to petitioners' further contention, the fact that members of the Merit Board may have lacked experience in competitive testing procedures is not relevant. The record establishes that those members had experience with the "peculiar needs" of RPCIC and thus their decisions are entitled to deference (*Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 539). In any event, we note that, even if "an argument can be made for either classification and the position is one for which there is a substantial variance of opinion," the courts nevertheless should not interfere (*Grossman*, 43 NY2d at 506). We therefore reverse the judgment insofar as appealed from and dismiss the petition in its entirety. Present—Green, J.P., Pine, Hurlbutt, Kehoe and Hayes, JJ.