■ In the Matter of ROGER E. BENSON, as President of New York State Public Employees Federation, AFl-CIO, et al., Appellants, v ROSWELL PARK CANCER INSTITUTE CORPORATION MERIT BOARD et al., Respondents. [759 NYS2d 828] —Appeal from a judgment (denominated order and judgment) of Supreme Court, Erie County (Sedita, Jr., J.), entered February 6, 2002, which dismissed the CPLR article 78 petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioners James Pazik, Adam Sumlin, Joseph Brachmann, Karen Synor and Thomas C. Rommel, Jr. (collectively, petitioner employees) are former employees of Roswell Park Cancer Institute and current employees of respondent Roswell Park Cancer Institute Corporation (RPCIC). In November 1998, shortly before RPCIC became a public benefit corporation (*see* Public Authorities Law § 3550 *et seq.*), the job titles held by petitioner employees, as well as many other job titles, were reclassified to lower salary grades. Petitioner employees, however, retained their higher salary grades pursuant to a memorandum of agreement between the State of New York, RPCIC and various unions, including the New York State Public Employees Federation, AFL-CIO (PEF).

PEF objected to the new classifications, but respondent Anthony Woods, the Director of Classification and Compensation (DCC) for RPCIC, declined to modify them. Pursuant to Public Authorities Law § 3556 (3) (d), PEF filed an administrative appeal with respondent Roswell Park Cancer Institute Corporation Merit Board (Board), which upheld the classifications by the DCC. Petitioner Roger E. Benson, as President of PEF, and petitioner employees commenced this CPLR article 78 proceeding to challenge the salary grade classifications of the five job titles held by petitioner employees. Supreme Court dismissed the petition on the ground that petitioners lacked standing to challenge the classifications.

With respect to petitioner employees, we conclude that, inasmuch as they were protected by the memorandum of agreement, they failed to establish that they were injured in fact, and thus failed to meet their burden of establishing that they have standing to bring a CPLR article 78 proceeding (*see Matter of Long Is. Pine Barrens Socy. v Supervisor of Town of Southampton*, 301 AD2d 528 [2003]; *see also Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 769 [1991]). Contrary to the contention of petitioner employees, the fact that they appeared before the Board does not automatically provide them with standing to bring this proceeding. Although an administrative appeal to the Board may be pursued by "any person believing himself or herself aggrieved" (Public Authorities Law § 3556 [3] [d]), standing to bring a CPLR article 78 proceeding requires " '[t]he existence of an injury in fact—an actual legal stake in the matter being adjudicated' " (*Silver v Pataki*, 96 NY2d 532, 539 [2001], *rearg denied* 96 NY2d 938 [2001], quoting *Society of Plastics Indus.*, 77 NY2d at 772) that is "distinct

from that of the general public" (*Matter of Transactive Corp. v New York State Dept. of Social Servs.*, 92 NY2d 579, 587 [1998]). Here, the salaries of petitioner employees were not adversely affected by the DCC's classifications, and they failed to establish that they suffered an injury in fact.

We reject the contention of petitioner employees that they suffered injuries in fact in the form of "the stigma of being placed in lower salary grade positions and the loss of promotional opportunities." Although the deprivation of future employment opportunities " 'is no small injury' " (*Board of Regents v Roth*, 408 US 564, 574 [1972]), here petitioner employees failed to establish that they suffered such an injury. Pursuant to the memorandum of agreement, petitioner employees retained not only the same salary but also the same "salary grade." Petitioner employees failed to establish that the mere classification of their jobs to lower salary grades was stigmatizing or had any effect on their promotional opportunities.

Even assuming that petitioner Roger Benson had standing on behalf of PEF, we affirm on the merits. " 'Administrative determinations concerning position classifications are * * * subject to only limited judicial review, and will not be disturbed in the absence of a showing that they are wholly arbitrary or without any rational basis' " (*Benson v Roswell Park Cancer Inst. Corp. Merit Bd.*, 302 AD2d 939, 940 [2003]). Contrary to petitioners' contentions, the DCC explained his classification methodology in considerable detail, and the DCC is not bound to follow state job classifications contained in the civil service law (*see id.*). " '[P]ublic authorities are corporate bodies which, although created by the State, "are independent and autonomous, deliberately designed to be able to function with a freedom and flexibility not permitted to an ordinary State board, department or commission" ' " (*id.*). Petitioners failed to meet their burden of showing that the classifications are wholly arbitrary or without a rational basis. Present—Pine, J.P., Hurlbutt, Kehoe, Gorski and Hayes, JJ.