(March 27, 2009)

■ In the Matter of PAUL BROWN, as President of Building and Construction Trades Council of Buffalo and Vicinity, et al., Respondents, v COUNTY OF ERIE et al., Appellants. OPERATING ENGINEERS LOCAL 17 TRAINING FUND, Intervenor-Respondent; ASSOCIATED BUILDERS AND CONTRACTORS, INC., Intervenor-Appellant. (Appeal No. 1.) [874 NYS2d 923]—Appeals from an order of the Supreme Court, Erie County (Timothy J. Drury, A.J.), entered October 16, 2007 in a proceeding pursuant to CPLR article 78. The order, insofar as appealed from, denied the motions of respondents to dismiss the petition.

Appeals from a judgment (denominated order) of the Supreme Court, Erie County (Timothy J. Drury, A.J.), entered February 21, 2008 in a proceeding pursuant to CPLR article 78. The judgment granted the petition.

It is hereby ordered that the judgment so appealed from is reversed on the law without costs, the motions are granted and the petition is dismissed.

Memorandum: In 2006, respondent County of Erie (County) enacted Local Law No. 2-2006 (Local Law) requiring, in relevant part, that any contractor seeking to enter into a construction contract with the County must have "in place and provide written proof" that the contractor has a "New York State Certified Worker Training Program." (Local Law § 4 [A].) When the County bid a public works project in 2007, however, no bidder, including the bidder who was awarded the contract, respondent Tom Greenauer Development, Inc. (Greenauer), submitted the requisite written proof of compliance with the Local Law.

In this CPLR article 78 proceeding, petitioners seek a determination that the contract between the County and Greenauer was invalid inasmuch as Greenauer did not have the requisite training program. According to petitioners, Kandey Company, Inc. (Kandey), a nonparty, should have been awarded the contract because it had a collective bargaining agreement with a union (hereafter, Local 17) that is a member of petitioner Building and Construction Trades Council of Buffalo and Vicinity (Council), and petitioner Operating Engineers Local 17 Training Fund (Training Fund) provides apprentice training to members of Local 17. We agree with the County and Greenauer that Supreme Court erred in denying their motions to dismiss the petition on the ground that petitioners lack standing to challenge the County's award of the contract to Greenauer.

We conclude that the County and Greenauer met their initial burden on their respective motions by asserting that petitioners lack standing because they do not have an injury in fact that falls within the zone of interest sought to be promoted or

protected by the Local Law (*see generally Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 771-774 [1991]), thus shifting the burden to petitioners to establish that they have standing. We conclude that they failed to meet that burden inasmuch as they failed to establish "that the administrative action will in fact have a harmful effect on [them]" (*Matter of Dairylea Coop. v Walkley*, 38 NY2d 6, 9 [1975]; *see Society of Plastics Indus.*, 77 NY2d at 774). Standing to bring a CPLR article 78 proceeding requires " '[t]he existence of an injury in fact—an actual legal stake in the matter being adjudicated' " (*Silver v Pataki*, 96 NY2d 532, 539 [2001], *rearg denied* 96 NY2d 938 [2001], quoting *Society of Plastics Indus.*, 77 NY2d at 772), and the injury in fact must be " 'distinct from that of the general public' " (*Matter of Benson v Roswell Park Cancer Inst. Corp. Merit Bd.*, 305 AD2d 1056, 1057-1058 [2003]). Contrary to petitioners' contention, it is not enough that "the issue may be one of wide public concern" (*Rudder v Pataki*, 246 AD2d 183, 186 [1998], *affd* 93 NY2d 273 [1999]).

Here, petitioners failed to establish that they suffered an injury in fact (*see Matter of Transactive Corp. v New York State Dept. of Social Servs.*, 92 NY2d 579, 588 [1998]). Petitioners cannot assert associational or organizational standing inasmuch as the Council's members, i.e., various unions, would not have had standing to bring this proceeding (*see Society of Plastics Indus.*, 77 NY2d at 775). Moreover, the allegation of petitioners that they were harmed because Local 17 was harmed is speculative, at best (*see Matter of New York State Assn. of Criminal Defense Lawyers v Kaye*, 269 AD2d 14, 17 [2000], *affd* 96 NY2d 512 [2001]). Kandey is not a member of the Council or any union member of the Council, and there is no evidence that the Training Fund actually lost any contributions as a result of the County's award of the contract to Greenauer.

All concur except Gorski, J., who dissents and votes to affirm in the following memorandum.

Gorski, J. (dissenting). I respectfully dissent and would affirm. In my view, petitioners have established an actual legal stake in the matter that is distinct from that of the general public (*see Matter of Transactive Corp. v New York State Dept. of Social Servs.*, 92 NY2d 579, 587 [1998]; *Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 771-774 [1991]). The existence of an injury in fact, for the purpose of establishing standing, requires consideration of the alleged harm in light of the zone of interest to be protected by the law at issue (*see Rudder v Pataki*, 93 NY2d 273, 279-280 [1999]; *Transactive Corp.*, 92 NY2d at 587; *Society of Plastics Indus.*, 77 NY2d at 776-777).

Here, the enactment of County of Erie Local Law No. 2-2006 (Local Law) by the Erie County Legislature is a direct result of the promotion of apprenticeship programs in accordance with the National Apprenticeship Act (29 USC § 50 *et seq.*; *see generally Associated Bldrs. & Contrs., Inc. v Reich*, 963 F Supp 35, 38 [D DC 1997]) and Labor Law § 810. The bidding requirements of the Local Law therefore are not intended to regulate the bidding process (*cf. Transactive Corp.*, 92 NY2d at 587-589) but, rather, those requirements are intended to encourage participation of both labor and industry in apprenticeship programs. By providing that potential contractors may meet bidding requirements either internally or through apprenticeship program organizations, the Local Law specifically contemplates the participation of organizations such as petitioner Building and Construction Trades Council of Buffalo and Vicinity (Council), an umbrella organization providing education and training support, and petitioner Operating Engineers Local 17 Training Fund (Training Fund), which is a joint labor-management apprenticeship program fund similar to those of the Council's other members. The admitted failure of respondent County of Erie (County) to abide by its own Local Law nullified the incentive for contractors to participate in labor-management apprenticeship programs, thereby divesting petitioners of their ability to participate in and promote such programs (*see Matter of New York State Assn. of Community Action Agency Bd. Members v Shaffer*, 119 AD2d 871, 874 [1986]; *see generally Matter of Fischbach & Moore v New York City Tr. Auth.* , 79 AD2d 14, 20 [1981], *lv denied* 53 NY2d 604 [1981]). Thus, petitioners have standing because the Council has its own specific interest in this litigation, and it represents member unions whose participation in joint labor-management funds such as the Training Fund are directly affected by the County's dispensing with the incentive bidding requirements (*see Society of Plastics Indus.*, 77 NY2d at 775; *New York State Assn. of Community Action Agency Bd. Members*, 119 AD2d at 874). Viewed in light of the intended purpose of the Local Law, I cannot agree with the majority that the alleged harm is speculative, nor is it a "[g]rievance[ ] generalized to the degree that [it becomes a] broad policy complaint[ ]" (*Rudder*, 93 NY2d at 280; *cf. Society of Plastics Indus.*, 77 NY2d at 777).

In addition, I agree with Supreme Court that the Local Law is not preempted by the Employee Retirement Income Security Act of 1974 (29 USC § 1001 *et seq.*; *see California Div. of Labor Standards Enforcement v Dillingham Constr., N.A., Inc.*, 519 US 316, 325 [1997]). Further, the failure of the County to comply with a substantive portion of a properly enacted local law can-

not be waived as a technical irregularity (*cf. Matter of Eldor Contr. Corp. v Suffolk County Water Auth.*, 270 AD2d 262 [2000]). Thus, in my view, invalidation of the contract was required by the Local Law. Present—Smith, J.P., Centra, Peradotto and Gorski, JJ.