Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO v Olympic Regional Dev. Auth. (2018 NY Slip Op 04998)





Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO v Olympic Regional Dev. Auth.


2018 NY Slip Op 04998


Decided on July 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 5, 2018

525408

[*1]In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, Respondent,
v
OLYMPIC REGIONAL DEVELOPMENT AUTHORITY et al., Appellants.

Calendar Date: June 7, 2018

Before: Garry, P.J., McCarthy, Lynch, Devine and Mulvey, JJ.


Barbara D. Underwood, Attorney General, Albany (Joseph M. Spadola of counsel), for appellants.
Daren J. Rylewicz, Civil Service Employees Association, Albany (Constance R. Brown of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from a judgment of the Supreme Court (Bruening, J.), entered April 21, 2017 in Essex County, which granted petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to annul a determination of respondent Olympic Regional Development Authority finding that certain employees who had been laid off were no longer members of their previous collective bargaining unit upon their rehire.
In 2012, management of the Belleayre Mountain Ski Center was transferred from the Department of Environmental Conservation (hereinafter DEC) to respondent Olympic Regional Development Authority (hereinafter Olympic), a public benefit corporation. Pursuant to Public Authorities Law § 2629 (2) (a), employees then working at Belleayre Mountain, who had been DEC employees and members of petitioner's operating services collective bargaining unit (hereinafter OSU), became employees of Olympic. As pertinent here, Public Authorities Law § 2629 (2) (a) provides that employees affected by the transfer "shall retain their respective civil service classifications, status, salary, wages and negotiating unit, if any. . . . However, once the employment of any transferred employee . . . is terminated or otherwise ceases, by any means, [*2]any individual hired to fill such vacancy shall not be placed in the same negotiating unit of the former incumbent but rather shall be placed in [Olympic's] negotiating unit."
In March 2016, Olympic laid off three seasonal employees at Belleayre Mountain who were still represented by OSU. Upon rehiring these employees roughly two months later to the same positions each had previously held, Olympic determined that each would be placed in Olympic's collective bargaining unit, not OSU, resulting in significant adverse changes to their benefits. Petitioner thereafter commenced this combined CPLR article 78 proceeding and declaratory judgment action against Olympic and respondent David McKillip, in his capacity as Olympic's human resources director, seeking to annul Olympic's determination as arbitrary and capricious and in violation of Public Authorities Law § 2629 (2) (a). Supreme Court found that "[p]etitioner [was] entitled to a declaration that the layoff of seasonal employees [did] not constitute a termination or cessation of their employment resulting in a vacancy for purposes of Public Authorities Law § 2629 (2) (a)," granted the petition/complaint and annulled Olympic's determination. Respondents appeal.
Respondents contend that, under the unambiguous language of Public Authorities Law § 2629 (2) (a), the employment of a seasonal employee necessarily "terminate[s] or otherwise ceases" when he or she is laid off; thus, such an employee may not return to his or her former negotiating unit in the event that he or she is subsequently rehired. As Olympic's determination was made without a hearing, our review is limited to whether it was "'arbitrary and capricious, irrational, affected by an error of law or an abuse of discretion'" (Buffalo Teachers Fedn., Inc. v Elia, ___ AD3d ___, ___, 2018 NY Slip Op 04061, *3 [2018], quoting Matter of DeVera v Elia, 152 AD3d 13, 18 [2017], lv denied 30 NY3d 907 [2017]; see CPLR 7803 [3]). We accord no deference to Olympic's statutory interpretation, as the questions raised on appeal depend only upon the "accurate apprehension of legislative intent" (Matter of Wegmans Food Mkts., Inc. v Tax Appeals Trib. of the State of N.Y., 155 AD3d 1352, 1353 [2017], lv granted ___ NY3d ___ [June 7, 2018]; see Matter of Ovadia v Office of the Indus. Bd. of Appeals, 19 NY3d 138, 144 n 5 [2012]). As "the clearest indicator of legislative intent is the statutory text, the starting point in [such cases] must always be the language itself" (Matter of Soriano v Elia, 155 AD3d 1496, 1498 [2017] [internal quotation marks and citation omitted], lv denied ___ NY3d ___ [June 27, 2018]; accord Matter of Kern v New York State Dept. of Civ. Serv., 288 AD2d 674, 675 [2001]; see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998]).
This appeal turns on the meaning of the terms "terminated" and "ceases" within the context of Public Authorities Law § 2629 (2) (a). As neither word is defined in the Public Authorities Law and both are words of ordinary import, we interpret them in a manner consistent with "their usual and commonly understood meaning" (Yaniveth R. v LTD Realty Co., 27 NY3d 186, 192 [2016] [internal quotation marks and citation omitted]; see Matter of Soriano v Elia, 155 AD3d at 1498; McKinney's Cons Laws of NY, Book 1, Statutes § 232 at 392). Applying these rules of statutory interpretation, "terminate" is defined as "to bring to an end," "to discontinue the employment of" or "to form the conclusion of" (Merriam-Webster Online Dictionary, terminate, https://www.merriam-webster.com/dictionary/terminate; see Black's Law Dictionary [10th ed 2014], terminate ["To put an end to; to bring to an end[;] . . . [t]o end; to conclude"]). Similarly, "cease" is defined as "to come to an end" (Merriam-Webster Online Dictionary, cease, https://www.merriam-webster.com/dictionary/
cease; see Black's Law Dictionary [10th ed 2014], cease ["[t]o stop, forfeit, suspend, or bring to an end"]).
Petitioner argues that a layoff is inconsistent with these definitions and merely constitutes a temporary interruption in a career. We disagree, in light of the express statutory provision that an employee whose employment "is terminated or otherwise ceases, by any means" may not return to his or her prior collective bargaining unit upon subsequent rehire (Public Authorities Law § 2629 [2] [a] [emphasis added]). To interpret the language as petitioner urges would render the phrase "by any means" superfluous (see Matter of Friedman v Rice, 30 NY3d 461, 477-478 [2017]; People v Sprint Nextel Corp., 26 NY3d 98, 110 [2015], cert denied ___ US ___, 136 S Ct 2387 [2016]; Matter of Verizon N.Y., Inc. v New York State Pub. Serv. Commn., 137 AD3d 66, 69 [2016]; McKinney's Cons Laws of NY, Book 1, Statutes § 231 at 388). To the extent that petitioner argues that Public Authorities Law § 2629 (2) (a) applies only to new employees, the statute states that this provision is applicable to "any individual" and draws no distinction between workers who are new hires and those who may have previously worked at Belleayre Mountain (Public Authorities Law § 2629 [a] [2] [emphasis added]). We note that respondents submitted affidavit testimony that Olympic seasonal employees are not always rehired and that the three seasonal employees at issue here had no right to reemployment under their OSU contract once they were laid off.
Finally, we find unpersuasive petitioner's contention that this Court should adopt its interpretation of Public Authorities Law § 2629 on the basis that it is a remedial statute. "[E]ven a remedial statute must be given a meaning consistent with the words chosen by the Legislature," and courts must "give effect not only to the remedy, but also to the words that delimit the remedy" (Enright v Eli Lilly & Co., 77 NY2d 377, 385 n 1 [1991], cert denied 502 US 868 [1991]). Indeed, petitioner's interpretation of Public Authorities Law § 2629 could result in the unintended adverse effect of discouraging the rehiring of seasonal employees after layoffs. Accordingly, we find that the plain language of Public Authorities Law § 2629 (2) (a) barred Olympic from permitting seasonal employees who were laid off and subsequently rehired to remain in OSU, and, thus, the petition/complaint should have been dismissed.
McCarthy, Lynch, Devine and Mulvey, JJ., concur.
ORDERED that the judgment is reversed, on the law, without costs, and petition/complaint dismissed.