OPINION OF THE COURT
Meyer, J.
The “justiciable controversy” upon which a declaratory judgment may be rendered requires not only that the plaintiffs in such an action have an interest sufficient to constitute standing to maintain the action but also that the controversy involve present, rather than hypothetical, contingent or remote, prejudice to plaintiffs. Because the controversies involved in the present action are not ripe for determination, the order of the Appellate Division should be modified by striking the declaration and dismissing the complaint and, as so modified, should be affirmed, without costs.
The purpose of the present action is to obtain judgment declaring unconstitutional section 92 of chapter 55 of the Laws of 1982, insofar as it directs transfer into the State’s general fund of .$50 million from the Aggregate Trust Fund (ATF), $67 million from the Stock Workers’ Compensation Security Fund (SWCF) and $87 million from the Property and Liability Insurance Security Fund (PLIS) and enjoining such transfers or requiring return of the funds if transferred. The ATF, established by Workers’ Compensation Law § 27, is a fund into which an employer or compensation carrier may (in some cases must) *384 pay the present value of future periodic benefits payable to compensation claimants and be thereby discharged from further liability to the claimant. Workers’ Compensation Law § 27 (6) provides that the fund “shall be kept separate and apart from all other moneys of the state fund”. The SWCF, established by article 6-A of the Workers’ Compensation Law, was created to protect those entitled to compensation benefits against the insolvency of a stock insurer. It is funded by payments from stock carriers, which are, however, suspended once the fund reaches $84 million (Workers’ Compensation Law § 109). The PLIES, created by Insurance Law § 334, serves a similar function with respect to specified types of property and liability insurers, is funded by payments from such carriers, and contains a similar provision suspending carrier payments. As to both the SWCF and the PLIS, the governing statute directs that the fund “shall be separate and apart from any other fund so created and from all other state moneys, and the faith and credit of the state of New York is pledged for its safekeeping” (Workers’ Compensation Law § 109-b [1]; Insurance Law § 333 [6]).
Sections 84, 88 and 90 of chapter 55 make “dry appropriations” to each of the three funds equal to or greater than the amount transferred under section 92 and provide in each case that the appropriation thus made “shall be deemed an asset” of the fund and that the transfer from the fund to the State’s general fund shall be deemed a prudent investment. The “dry appropriation” requires inclusion in each year’s budget bill for the next fiscal year of an amount equal to the amount transferred by each find to the State’s general fund and provides that if in any year the Governor fails to do so or the Legislature fails to appropriate the specified amount, the amount appropriated for the preceding fiscal year be paid forthwith to the fund. Section 93 of the act requires that any action relative to the foregoing be brought against the State and holds harmless every State officer, as well as persons employed by or who advise such an officer, from liability by reason of the transfers directed or actions mandated by other provisions of the act. Chapter 404 of the Laws of 1982 made the necessary appropriations to each of the three funds for 1982, but provided as to the SWCF and PLÉS that no expenditure be made from the appropriation if other assets of the fund are available, and as to the ATF that no expenditure be made if other assets not part of reserves for claims or losses are available.
The plaintiffs are three trade associations of insurance companies, 13 property and casualty insurers, two policyholders of *385 such insurers, and three beneficiaries of the ATF. The defendants are the Commissioner of Taxation and Finance, custodian of the PLIS and SWCF, the Superintendent of Insurance, who is charged with administering those two funds, and the Commissioners of the State Insurance Fund (SIF), who are custodians of and charged with administration of the ATF. The SIF Commissioners served an answer containing a cross claim asking that the court declare whether chapter 55 as it relates to the ATF is constitutional. The other two defendants served a separate answer alleging a number of affirmative defenses, including that the complaint lacked specificity as to the nature and extent of plaintiffs’ injury.
Plaintiffs moved for summary judgment and defendants other than the SIF Commissioners cross-moved for like relief. The papers on the cross motion established, and plaintiffs do not dispute, that the ATF, after transfer of the $50 million to the general fund, will still have $13 million in surplus funds over and above all claims, expenses and reserves; that the PLIS held $212 million and would on February 1, 1983 receive an additional $21 million and since 1977 had annual income in excess of the claims submitted in any year; and that the SWCF had a balance of $78 million before transfer pursuant to chapter 55 and in the 50 years of its existence had only been required to pay claims totaling $2 million. Special Term, holding that, “No real and present controversy exists,” denied plaintiffs’ motion, granted defendants’ cross motion and dismissed the complaint. On appeal the Appellate Division concluded that plaintiffs had standing but that chapter 55 was constitutional and, therefore, modified Special Term’s order to so declare and to strike the provision dismissing the complaint.
The declaration against plaintiffs should be stricken and the complaint dismissed.* That plaintiffs may have sufficient interest in the funds to be accorded standing to maintain the action is but part of the equation. The action is premature and as a matter of law may not be maintained if the issue presented for adjudication involves a future event beyond control of the parties which may never occur (Combustion Eng. v Travelers Indem. Co., 53 NY2d 875, affg 75 AD2d 777; New York Public *386 Interest Research Group v Carey, 42 NY2d 527; Park Ave. Clinical Hosp. v Kramer, 19 NY2d 958, affg 26 AD2d 613; Prashker v United States Guar. Co., 1 NY2d 584; see, Borchard, Declaratory Judgments, at 56-58 [2d ed]; 1 Anderson, Actions for Declaratory Judgments § 9, at 50-51 [2d ed]). That the balance in each of the funds has been reduced by the transfers directed by section 92 creates no risk that plaintiffs paid from the ATF will not be paid or that the plaintiffs interested in the other two funds will be left unprotected by insolvency of a carrier in view of the appropriations made by sections 84, 88 and 90 and by chapter 404. Plaintiffs argue that they are insufficiently protected because a subsequent Legislature may omit the required appropriation for a given year and repeal both the prior year’s appropriation and the provisions of chapter 55 directing that annual appropriations be made. The possibility of that combination occurring, however, is just such a future event beyond the control of the parties to the action which may never occur as the above cited cases put beyond the reach of a declaratory judgment. Moreover, the possibility that because the SWCF and PLIS will, as a result of the transfers, be earning less interes t, plaintiffs may be required to contribute additional moneys to those funds is nothing more than speculation in light of the history of the funds. Finally, neither United States Trust Co. v New Jersey (431 US 1) nor Patterson v Carey (41 NY2d 714), relied on by plaintiffs, requires a different conclusion. Neither dealt with the issue of ripeness, but on that question the Supreme Court’s notation that there was an impairment of cor.tract because the repealed covenant was not “replaced by an arguably comparable security provision” (431 US, at p 19) appears, by analogy, to support the conclusion here reached.
Accordingly, the order of the Appellate Division should be modified by striking the declaration and dismissing the complaint and, as so modified, should be affirmed, without costs.
Chief Judge Wachtler and Judges Jasen, Simons and Kaye concur; Judge Alexander taking no part.
Order modified in accordance with the opinion herein and, as so modified, affirmed, without costs.

 [2] We have not overlooked the fact that the Commissioner of Taxation and Finance and the Superintendent of Insurance are nonappealing parties, and would not be entitled to affirmative relief were this not a declaratory judgment action (see, Hecht v City of New York, 60 NY2d 57). The relief granted here is incidental to the restraint upon the court against rendering an advisory determination. Having concluded that the controversy is nonjusticiable, the court cannot allow the declaration to stand.