(October 10, 1991)

■ CHARLES B. DE THAN GROUP, Plaintiff, v FREDERICK W. RICHMOND, Also Known as FRED RICHMOND, Appellant. (Action No. 1.) BABBS BUSINESS BROKERS, INC., Respondent, v BONANZA TRADING ASSOCIATES et al., Defendants. (Action No. 2.)—Order of the Supreme Court, New York County (Francis N. Pecora, J.), entered July 20, 1990, which granted the motion of Babbs Business Brokers, Inc. (plaintiff in action No. 2) for a joint trial of the actions, unanimously reversed, on the law and the facts and in the exercise of discretion, and the motion denied, without costs.

In action No. 1, plaintiff Charles B. De Than Group ("De Than") sues to recover a finder's fee from defendant Richmond, who purchased assets of Bonanza Trading Associates ("Bonanza"). In action No. 2, plaintiff Babbs Business Brokers, Inc. ("Babbs") sues to recover a broker's commission from the seller, Bonanza, in connection with the transaction. At the closing of the sale, Babbs, Richmond and Bonanza entered into an agreement pursuant to which Bonanza placed $50,000 in escrow to be paid either 1) to Richmond, to the extent De Than, as finder, recovers more than $70,000 from Richmond in its action against him or 2) to Babbs, as broker to Bonanza, to the extent that De Than recovers less than $120,000 from Richmond.

It is apparent that Babbs' claim is governed by the agreement and is entirely conditional on the outcome of De Than's action against Richmond *(American Ins. Assn. v Chu,* 64 NY2d 379). Until that action is resolved and unless the agreement is breached, Babbs has no basis for proceeding against Bonanza. In any event, no judicial economy will result from consolidation. The recovery of a finder's fee from the buyer by one plaintiff and the recovery of a broker's commission from the seller by another plaintiff are entirely different actions involving completely separate and distinct parties. Moreover, introduction of the agreement governing Babbs' commission into

the action seeking recovery of De Than's finder's fee will only serve to confuse the jury. Concur—Murphy, P. J., Rosenberger, Ellerin, Kassal and Rubin, JJ.