# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1227**
**CA 12-00259**
PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

IN THE MATTER OF ADM, LLC, DAVID MORRELL
AND ANNE MORRELL, PETITIONERS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

VILLAGE OF MACEDON AND VILLAGE OF MACEDON
ZONING BOARD OF APPEALS,
RESPONDENTS-RESPONDENTS.
(PROCEEDING NO. 1.)
--------------------------------------------
IN THE MATTER OF ADM, LLC, DAVID MORRELL
AND ANNE MORRELL, PETITIONERS-APPELLANTS,

V

VILLAGE OF MACEDON PLANNING BOARD,
RESPONDENT-RESPONDENT.
(PROCEEDING NO. 2.)
--------------------------------------------
ADM, LLC, DAVID MORRELL AND ANNE MORRELL,
PLAINTIFFS-APPELLANTS,

V

VILLAGE OF MACEDON, VILLAGE OF MACEDON
PLANNING BOARD, AND REROB, LLC,
DEFENDANTS-RESPONDENTS.
(ACTION NO. 1.)

---

DAVIDSON FINK LLP, ROCHESTER (DAVID L. RASMUSSEN OF COUNSEL), FOR
PETITIONERS-APPELLANTS AND PLAINTIFFS-APPELLANTS.

NESBITT & WILLIAMS, NEWARK (ARTHUR B. WILLIAMS OF COUNSEL), FOR
RESPONDENTS-RESPONDENTS AND DEFENDANTS-RESPONDENTS VILLAGE OF MACEDON
AND VILLAGE OF MACEDON PLANNING BOARD.

FIX SPINDELMAN BROVITZ & GOLDMAN, P.C., FAIRPORT (REUBEN ORTENBERG OF
COUNSEL), FOR DEFENDANT-RESPONDENT REROB, LLC.

---

Appeal from a judgment and order (one paper) of the Supreme Court,
Wayne County (John J. Ark, J.), entered October 13, 2011 in proceedings
pursuant to CPLR article 78 and a declaratory judgment action. The
judgment and order dismissed the petitions and complaint.

It is hereby ORDERED that the judgment and order so appealed from is unanimously affirmed without costs.

Memorandum:  Petitioners-plaintiffs (petitioners) appeal from a judgment and order dismissing both their complaint for a declaration and their two CPLR article 78 petitions, all of which challenged various zoning ordinances and determinations related to the proposed construction of a single-bay car wash in respondent-defendant Village of Macedon.

At the outset, we deny defendant REROB, LLC's renewed motion to dismiss the instant appeal as moot.  Although the subject car wash has already been constructed and a certificate of occupancy has been issued, petitioners had sought to enjoin its construction during the pendency of this appeal and thus should be permitted to raise the present challenges (*see Matter of Camardo v City of Auburn*, 96 AD3d 1437, 1438; *Matter of Pyramid Co. of Watertown v Planning Bd. of Town of Watertown*, 24 AD3d 1312, 1313, *lv dismissed* 7 NY3d 803).

Turning to the merits of petitioners' appeal, we conclude that Supreme Court properly dismissed both the petitions and the complaint. First, to the extent that the complaint sought to annul or vacate the various administrative determinations at issue here or to prohibit respondents from granting future applications for either site-plan approvals or special use permits in connection with the disputed car wash, a CPLR article 78 proceeding, rather than a declaratory judgment action, was the appropriate procedural vehicle by which to raise those challenges (*see Matter of Schweichler v Village of Caledonia*, 45 AD3d 1281, 1282, *lv denied* 10 NY3d 703; *Matter of Concetta T. Cerame Irrevocable Family Trust v Town of Perinton Zoning Bd. of Appeals*, 27 AD3d 1191, 1192; *Home Bldrs. Assn. of Cent. N.Y. v Town of Onondaga*, 267 AD2d 973, 974).  Second, although properly raised by way of declaratory judgment, the procedural challenges in the complaint to the zoning ordinance's purported amendment are nevertheless time-barred, as are the CPLR article 78 petitions themselves (*see* CPLR 217 [1]; *Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 202-203; *Schiener v Town of Sardinia*, 48 AD3d 1253, 1254).

In any event, petitioners failed to establish the "existence of an injury in fact--an actual legal stake in the matter being adjudicated" and therefore lack standing to commence either the action for a declaration or the two CPLR article 78 proceedings (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 772; *see Matter of Niagara County v Power Auth. of State of N.Y.*, 82 AD3d 1597, 1598-1599, *lv dismissed and denied* 17 NY3d 838; *Matter of Brown v County of Erie*, 60 AD3d 1442, 1443-1444).  Moreover, contrary to petitioners' contention, "the threat of increased business competition . . . is not an interest protected by the zoning laws" and thus could not itself confer standing, even if adequately demonstrated (*Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d 406, 415; *see generally Matter of Brighton Residents Against Violence to Children v MW Props.*, 304 AD2d 53, 56-58, *rearg denied* 306 AD2d 960, *lv denied* 100 NY2d 514).

In light of our determination, we need not address petitioners' remaining contentions.

Entered: December 28, 2012

Frances E. Cafarell
Clerk of the Court