*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 5, 2015                    520145
_____

ROBERT L. SCHULZ,

                    Appellant,
                    et al.,
                    Plaintiffs,

        v                                  MEMORANDUM AND ORDER

ANDREW M. CUOMO et al.,
                    Respondents,
                    et al.,
                    Defendants.
_____


Calendar Date:  September 14, 2015

Before:  Egan Jr., J.P., Rose, Devine and Clark, JJ.

                    _____


        Robert L. Schulz, Queensbury, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Victor
Paladino of counsel), for Andrew M. Cuomo, respondent.

        Steven A. Crain and Daren J. Rylewicz, Civil Service
Employees Association, Albany (Paul S. Bamberger of counsel), for
Michael R. Bloomberg, respondent.

                    _____


Egan Jr., J.P.

        Appeal from an order of the Supreme Court (O'Connor, J.),
entered February 6, 2014 in Albany County, which, among other
things, granted certain defendants' motions to dismiss the
complaint against them.

        NY Constitution, article XIX, § 2 provides – in relevant
part – that, beginning in 1957 and every 20th year thereafter (in

addition to such times as the Legislature may provide by law), "the question 'Shall there be a convention to revise the constitution and amend the same?' shall be submitted to and decided by the electors of the state." In the event that a majority of the electorate votes in favor of such a convention, "the electors of every senate district of the state, as then organized, shall elect three delegates at the next ensuing general election, and the electors of the state voting at the same election shall elect [15] delegates at large" (NY Const, art XIX, § 2). The delegates duly elected then convene the following April and "continue their session until the business of such convention shall have been completed" (NY Const, art XIX, § 2).

Plaintiff Robert L. Schulz and numerous other pro se litigants[1] commenced this action seeking a declaration that it would be a conflict of interest for defendants and all those similarly situated to serve as delegates to a future New York State Constitutional Convention and, further, to permanently enjoin them from becoming delegates at such convention.[2] Specifically, the complaint alleges that, consistent with the provisions of NY Constitution, article XIX, § 2, the following question shall appear on the ballot for the November 2017 general election: "Shall there be a convention to revise the Constitution

---

[1] Although many of these pro se litigants signed the underlying notice of appeal, only Schulz filed a brief in this matter and, as a pro se litigant himself, he cannot be said to represent the remaining named plaintiffs. Hence, we deem Schulz to be the only plaintiff appearing on this appeal (see Judiciary Law § 478; Matter of Schulz v New York State Dept. of Envtl. Conservation, 186 AD2d 941, 942 n [1992], lv denied 81 NY2d 707 [1993]; see also Gapihan v Hemmings, 121 AD3d 1397, 1398 n 2 [2014]).

[2] Plaintiffs seek to exclude from the field of potential convention delegates all those employed — directly or indirectly — by the executive and legislative branches of state government, the Unified Court System, certain public corporations, registered lobbyists and major political parties, as well as all recipients of a state pension.

and amend the same?"  The complaint further alleges that, if such a convention was approved by the electorate, it would be contrary to "the essential principles of popular sovereignty, self-government and [the] separation of powers" for defendants and those similarly situated to be elected as delegates to such convention and, in turn, to vote upon issues related to the restriction of their own powers.

Defendants Andrew M. Cuomo, Dean G. Skelos, Jonathan Lippman, Michael R. Bloomberg, Danny Donohue and Ed Cox (hereinafter collectively referred to as defendants)[3] moved, by four separate motions, to dismiss the complaint against them contending, among other things, that plaintiffs' claims are not justiciable and, further, that the complaint fails to state a cause of action (see CPLR 3211 [a] [2], [7]).  Supreme Court granted defendants' respective motions, finding that such claims were not ripe for adjudication, and dismissed as moot plaintiffs' order to show cause seeking to certify each class of defendants.[4] This appeal ensued.

We affirm.  "[I]n order to warrant a determination of the merits of a cause of action, [the] party requesting relief must state a justiciable claim – one that is capable of review and redress by the courts at the time it is brought for review" (Hussein v State of New York, 81 AD3d 132, 135 [2011], affd 19 NY3d 899 [2012]).  A claim is justiciable, in turn, when two requirements are met: first, that the plaintiff has "an interest sufficient to constitute standing to maintain the action" and, second, that the underlying controversy "involve[s] present, rather than hypothetical, contingent or remote, prejudice to [the] plaintiff[]" (American Ins. Assn. v Chu, 64 NY2d 379, 383 [1985], appeal dismissed and cert denied 474 US 803 [1985];

---

[3]  Defendants John L. Stipo and Stephanie Miner apparently did not move to dismiss or otherwise respond nor do they take part in this appeal.

[4]  Plaintiffs' resulting motion to vacate Supreme Court's order, which Supreme Court characterized as a motion to reargue, also was denied.

accord Police Benevolent Assn. of N.Y. State Troopers, Inc. v New York State Div. of State Police, 40 AD3d 1350, 1352 [2007], appeal dismissed and lv denied 9 NY3d 942 [2007]). As plaintiffs did not satisfy either of those requirements, Supreme Court properly granted defendants' respective motions to dismiss.

Briefly, as to the issue of standing, the crux of Schulz's argument upon appeal is that, if the electorate votes in favor of a Constitutional Convention in the November 2017 general election and defendants (and all those similarly situated) are elected to serve as delegates thereto, any proposed revisions to the NY Constitution will favor government and the "political class," thereby prejudicing plaintiff. This argument, however, is flawed in two respects. First, for the reasons that follow, the harm allegedly suffered by plaintiffs in this regard is speculative, as it is predicated upon a series of events that may not come to pass. Further, plaintiffs failed to articulate, among other things, the manner in which the alleged harm that they purportedly would suffer due to any prospective and pro-government revisions to the NY Constitution would be different or distinct from that of the public at large (see generally Suffolk County Water Auth. v Dow Chem. Co., 121 AD3d 50, 55 [2014]; Lancaster Dev., Inc. v McDonald, 112 AD3d 1260, 1261 [2013], lv denied 22 NY3d 866 [2014]). Accordingly, plaintiffs lack standing to maintain this action.

More to the point, the instant action is "premature and as a matter of law may not be maintained [as] the issue presented for adjudication involves . . . future event[s] beyond the control of the parties which may never occur" (American Ins. Assn. v Chu, 64 NY2d at 385; accord Matter of New York Blue Line Council, Inc. v Adirondack Park Agency, 86 AD3d 756, 760 [2011], appeal dismissed 17 NY3d 947 [2011], lv denied 18 NY3d 806 [2012]; see New York Pub. Interest Research Group v Carey, 42 NY2d 527, 531 [1977]). While it is true that the next referendum on whether to convene a Constitutional Convention will be placed before the voters at the November 2017 general election, the fact remains that a majority of the electorate may well vote against convening such a convention. Further, even assuming that the electorate votes in favor of the referendum, defendants (and all others similarly situated) may decline to seek to serve as

delegates thereto; alternatively, should defendants and those similarly situated opt to run for this position in the November 2018 general election, they may not actually be elected as delegates to the convention, which would convene in April 2019 (see NY Const, art XIX, § 2).  In short, because "the harm sought to be enjoined is contingent upon events which may not come to pass, the claim to enjoin the purported hazard is nonjusticiable as wholly speculative and abstract" (Matter of New York State Inspection, Sec. & Law Enforcement Empls., Dist. Council 82, AFSCME, AFL-CIO v Cuomo, 64 NY2d 233, 240 [1984]; accord Saratoga County Chamber of Commerce v Pataki, 275 AD2d 145, 158 [2000]); hence, defendants' motions to dismiss the complaint were properly granted.  In light of this conclusion, we need not address defendants' alternate ground for dismissal – namely, that the underlying complaint fails to state a cause of action.

Finally, although Schulz asserts that Supreme Court erred in failing to consider the affidavit tendered by the Assembly Minority Leader, the subject affidavit does nothing more than offer bare legal conclusions regarding the propriety of defendants potentially serving as delegates at a future Constitutional Convention.  Inasmuch as "[e]xpert opinion as to a legal conclusion is impermissible" (Russo v Feder, Kaszovitz, Isaacson, Weber, Skala & Bass, 301 AD2d 63, 69 [2002] [internal quotation marks and citation omitted]), Schulz's argument on this point must fail.  To the extent that Schulz also takes issue with the dismissal of his order to show cause seeking to certify each class of defendants, this issue – raised for the first time in his reply brief – is not properly before us (see e.g. Matter of Garcia v Prack, 128 AD3d 1244, 1245 [2015]) and, in any event, is lacking in merit.  Schulz's remaining arguments, to the extent not specifically addressed, have been reviewed and found to be unpersuasive.

Rose, Devine and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court