*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 3, 2015                    520122
_____

COMMUNITY WATERSHEDS CLEAR
    WATER COALITION, INC.,
    et al.,
                        Appellants,

        v                                    MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF
    ENVIRONMENTAL CONSERVATION,
                        Respondent.
_____

Calendar Date:  October 13, 2015

Before:  Lahtinen, J.P., Garry, Egan Jr. and Clark, JJ.

_____

        James Bacon, New Paltz, for appellants.

        Eric T. Schneiderman, Attorney General, Albany (Andrew B. Ayers of counsel), for respondent.

_____

Egan Jr., J.

        Appeal from an order of the Supreme Court (Gilpatric, J.), entered September 10, 2014 in Ulster County, which granted defendant's motion to dismiss the complaint.

        In June 2012, nonparty XTO Energy submitted two applications to defendant for a permit to drill, deepen, plug back or convert two natural gas wells located in the Town of Sanford, Broome County.  The subject wells were proposed to produce natural gas from a geological formation known as the Marcellus shale utilizing horizontal drilling and hydraulic fracturing — a process commonly known as hydrofracking.  In order to obtain the requested permit, XTO was required to, among other

things, supply defendant with a map showing the proposed spacing
units — the geographical areas assigned to each well — and
demonstrate that it controlled at least 60% of the mineral rights
contained therein (see ECL 23-0501 [2]).[1]  The maps tendered
depicted two proposed spacing units — denominated as "Cempa A"
and "Dew Dec Farms A."  Plaintiff Community Watersheds Clear
Water Coalition, Inc. (hereinafter the Coalition) is an alliance
of individuals and organizations dedicated to, among other
things, protecting the water quality in this state, and plaintiff
Patrice VanSlyke, who is a member of the Coalition, owns
approximately 155 acres of property in a rural area of Broome
County — a portion of which overlaps with the boundaries of the
proposed spacing units.  According to VanSlyke, she and her
husband are "one of the last holdouts refusing to lease [their]
property [to XTO] for oil and gas drilling," thereby potentially
making them subject to a compulsory integration order (see ECL
23-0901).

     Defendant's authority to regulate the drilling of oil and
gas production wells is set forth in ECL article 23 and, prior to
granting a well permit under ECL 23-0501, defendant must comply
with the provisions of the State Environmental Quality Review Act
(ECL art 8 [hereinafter SEQRA]).  To that end, in 2011, defendant
issued a notice of proposed rulemaking and held public hearings
on a proposal to revise and amend, among other things, its oil
and gas regulations.  During the course thereof, thousands of
public comments were received, including Comment 4232 (allegedly
submitted by the Coalition), which generally objected to
defendant's authorization of certain specified spacing units for
shale gas.  Defendant responded, explained what it regarded as
the flaw in the Coalition's analysis and indicated that no
changes were made to the applicable section of the proposed rule
as a result thereof.  Defendant ultimately did not adopt the
revised draft regulations to which Comment 4232 was directed and,
in March 2013, a notice of expiration was published in the State
Register, advising the public that the notice of proposed

---

[1]  The spacing requirements are designed to ensure, among
other things, that the state's oil and gas resources are utilized
in such a way as to prevent waste (see ECL 23-0301).

rulemaking had lapsed.

Thereafter, in November 2013 — after the aforementioned notice had lapsed and while defendant's SEQRA review remained ongoing — plaintiffs commenced this declaratory judgment action against defendant, primarily contending that defendant's response to Comment 4232 constituted an unlawful extension of the common-law rule of capture and effectuated a trespass upon VanSlyke's property. Defendant moved to dismiss the complaint contending, among other things, that plaintiffs lacked standing and that the claims asserted were not ripe for judicial review. Supreme Court granted defendant's motion, and this appeal by plaintiffs ensued.[2]

We affirm. Assuming, without deciding, that the statewide ban on hydrofracking does not render all of plaintiffs' claims moot and, further, that plaintiffs each have standing to maintain this declaratory judgment action, Supreme Court nonetheless properly granted defendant's motion to dismiss the complaint. As this Court recently reiterated, "[i]n order to warrant a determination of the merits of a cause of action, the party requesting relief must state a justiciable claim — one that is capable of review and redress by the courts at the time it is brought for review. A claim is justiciable, in turn, when two requirements are met: first, that the plaintiff has an interest sufficient to constitute standing to maintain the action and, second, that the underlying controversy involves present, rather

_____

[2] During the pendency of this appeal, defendant completed its SEQRA review, issued a detailed statement of findings relative to the issue of hydrofracking and concluded that "there [were] no feasible or prudent alternatives that would adequately avoid or minimize adverse environmental impacts and that address the scientific uncertainties and risks to public health from this activity"; accordingly, defendant instituted a statewide ban on hydrofracking (Findings Statement, Final Supplemental Generic Environmental Impact Statement On The Oil, Gas and Solution Mining Regulatory Program, http://www.dec.ny.gov/docs/materials_ minerals_pdf/findingstatehvhf62015.pdf, at 42 [NY State Dept of Envtl Conservation, accessed Nov. 16, 2015]).

than hypothetical, contingent or remote, prejudice to the plaintiff" (Schulz v Cuomo, ___ AD3d ___, ___, 2015 NY Slip Op 08020, *1-2 [2015] [internal quotation marks, brackets and citations omitted]).  Again, even assuming that plaintiffs have satisfied the standing element of this equation, the fact remains that their entire complaint is predicated upon either (1) defendant's allegedly improper response to a comment made by the Coalition regarding proposed draft regulations that ultimately were not adopted, or (2) the theoretical consequences of a well bore or fluid fracture penetrating the subsurface of VanSlyke's property.

As the notice of proposed rulemaking has lapsed, any challenge to either the proposed rules themselves or defendant's stated position with respect thereto clearly cannot be deemed to be a present controversy.  Similarly, although plaintiffs raise concerns regarding the potential damage to the local water supply from either drilling or hydrofracking and VanSlyke asserts that such actions would negatively impact the insurability, marketability and/or future potential uses of her property, the claims asserted by plaintiffs all presuppose, among other things, that defendant indeed will grant XTO a drilling permit.  In light of the ban on hydrofracking, XTO may well elect not to pursue its application at all; further, even if XTO goes forward and pursues a permit to undertake an alternative method of drilling, that permit may or may not be granted.  Moreover, as evidenced by defendant's submissions, there are a multitude of administrative steps that must be successfully undertaken before such a permit could be granted, and the failure to achieve any one of those steps could derail the entire process. As plaintiffs' causes of action necessarily are dependent upon future events that may never come to pass, we find that their claims are entirely speculative and, hence, are not justiciable (see Matter of New York State Inspection, Sec. & Law Enforcement Empls., Dist. Council 82, AFSCME, AFL-CIO v Cuomo, 64 NY2d 233, 240 [1984]; Schulz v Cuomo, 2015 NY Slip Op 08020 at *2; Matter of New York Blue Line Council, Inc. v Adirondack Park Agency, 86 AD3d 756, 761-762 [2011], appeal dismissed 17 NY3d 947 [2011], lv denied 18 NY3d 806 [2012]; Saratoga County Chamber of Commerce v Pataki, 275 AD2d 145, 158 [2000]).  Plaintiffs' remaining arguments, to the extent that they are properly before us, have been examined

and found to be lacking in merit.

Lahtinen, J.P., Garry and Clark, JJ., concur.

ORDERED that order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court