*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 10, 2015                    520777
_____

In the Matter of J. PAUL
    NOONAN,
                    Appellant,

            v                                    MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF
    MOTOR VEHICLES et al.,
                    Respondents.
_____

Calendar Date:  October 16, 2015

Before:  McCarthy, J.P., Rose, Lynch and Devine, JJ.

_____

        Gerstenzang, O'Hern, Sills & Gerstenzang, Albany (Eric H.
Sills of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, Albany (Jeffrey W.
Lang of counsel), for respondents.

_____

Rose, J.

        Appeal from an order and judgment of the Supreme Court
(Ceresia Jr., J.), entered May 23, 2014 in Albany County, which,
in a combined proceeding pursuant to CPLR article 78 and action
for declaratory judgment, among other things, granted
respondents' motion for summary judgment dismissing the
petition/complaint.

        Petitioner was twice convicted of driving while intoxicated
in 2007, thereby accruing his fourth and fifth alcohol-related
driving offenses since 1985.  As a result, he was sentenced to
four years in prison and his driver's license was revoked for a
minimum period of one year (see Vehicle and Traffic Law § 1193

[2] [b] [3]). When petitioner applied for a new license, respondent Department of Motor Vehicles (hereinafter DMV) ultimately denied his application pursuant to 15 NYCRR 136.5 (b) (1), part of newly adopted emergency regulations concerning the review of applications for relicensing by persons with multiple alcohol- or drug-related driving offenses (see 15 NYCRR part 136). After DMV's decision was affirmed upon petitioner's administrative appeal, he commenced this combined CPLR article 78 proceeding and action for declaratory judgment against DMV and respondent Commissioner of Motor Vehicles, seeking, among other things, an order granting him a new driver's license and declaring that the emergency regulations are unconstitutional because the Commissioner promulgated them without or in excess of her authority. Respondents joined issue and moved for summary judgment dismissing petitioner's challenge to the regulations, and Supreme Court granted the motion. Petitioner appeals.

Initially, we agree with Supreme Court that petitioner fails to claim an injury in fact flowing from any of the regulatory provisions he challenges other than 15 NYCRR 136.5 (b) (1), which respondents cite as authority for denying his relicensing application (see New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 211 [2004]; Matter of Gym Door Repairs, Inc. v New York City Dept. of Educ., 112 AD3d 1198, 1199 [2013]). Thus, with the exception of his specific arguments regarding 15 NYCRR 136.5 (b) (1), petitioner's challenges to the validity of other provisions of 15 NYCRR part 136 are nonjusticiable (see American Ins. Assn. v Chu, 64 NY2d 379, 382 [1985], appeal dismissed and cert denied 474 US 803 [1985]; Police Benevolent Assn. of N.Y. State Troopers, Inc. v New York State Div. of State Police, 40 AD3d 1350, 1352 [2007], appeal dismissed and lv denied 9 NY3d 942 [2007]).

Turning to petitioner's justiciable claims, inasmuch as his arguments in favor of invalidating 15 NYCRR 136.5 (b) (1) are substantially similar to those advanced in Matter of Carney v New York State Dept. of Motor Vehs. (___ AD3d ___, 2015 NY Slip Op 08681 [2015]), and identical to those found in Matter of Joy v New York State Dept. of Motor Vehs. (___ AD3d ___, 2015 NY Slip Op 08686 [2015]), our holdings affirming Supreme Court in those prior cases are dispositive here.

McCarthy, J.P. and Devine, J., concur.


Lynch, J. (concurring).

In view of the majority decisions of this Court in <u>Matter of Carney v New York State Dept. of Motor Vehs.</u> (___ AD3d ___, 2015 NY Slip Op 08681 [2015]) and <u>Matter of Joy v New York State Dept. of Motor Vehs.</u> (___ AD3d ___, 2015 NY Slip Op 08686 [2015]), I concur.


ORDERED that the order and judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court