## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  January 28, 2016                    520406

_____

ARGYLE FARM AND PROPERTIES,
    LLC,
                    Appellant,

         v                               MEMORANDUM AND ORDER

WATERSHED AGRICULTURAL COUNCIL
    OF THE NEW YORK CITY
    WATERSHEDS, INC., et al.,
                    Respondents.
_____

Calendar Date:  November 19, 2015

Before:  Lahtinen, J.P., McCarthy, Egan Jr., Lynch and
         Devine, JJ.

_____

        Young/Sommer, LLC, Albany (Kevin M. Young of counsel), for
appellant.

        Bond, Schoeneck & King, PLLC, Albany (Robert H. Feller of
counsel), for Watershed Agricultural Council of the New York City
Watersheds, Inc., respondent.

        Zachary W. Carter, Corporation Counsel, New York City (Jane
L. Gordon of counsel), for City of New York and another,
respondents.

_____

Egan Jr., J.

        Appeal from an order of the Supreme Court (Becker, J.),
entered October 15, 2014 in Delaware County, which granted
defendants' motions to dismiss the complaint.

In 2002, plaintiff purchased a 475-acre farm in the Town of Andes, Delaware County at auction for $860,000. The property lies within the Pepacton Basin of the New York City watershed and is subject to the Surface Water Treatment Rule (see 40 CFR 141.70-141.75). Although the cited rule requires defendant City of New York to maintain adequate control over land use activities occurring within its watershed, the City is precluded — except in certain limited circumstances — from regulating the day-to-day activities of upstate farmers operating within the various watershed districts (see Agricultural and Markets Law § 305-a). To strike an appropriate balance between these interests and to ensure a quality water supply, the City — consistent with the provisions of the 1997 New York City Watershed Memorandum of Agreement and through defendant Watershed Agricultural Council of the New York City Watersheds, Inc. (hereinafter WAC), a not-for-profit corporation comprised primarily of local farmers — enters into voluntary agreements with upstate farmers known as Whole Farm Plans (hereinafter WFPs). WFPs, in turn, require that farms implement best management practices in order to avoid pollution of the watershed. In addition to developing WFPs, WAC also administers — through its Easement Committee — a conservation easement program that permits it to purchase development rights to agricultural land based upon the fair market value thereof. The conservation easement allows the individual farms to continue operating while granting the Easement Committee control over further residential or commercial development of the relevant properties. A conservation easement is only available, however, if the land in question is covered by a WFP.

In December 2006, plaintiff and WAC entered into a contract of sale for a conservation easement covering plaintiff's property. Plaintiff was to be paid $1,600 per acre — resulting in a purchase price in excess of $750,000.[1] Thereafter, in January 2007, WAC advised plaintiff that a WFP for the property would need to be in place prior to closing. Because plaintiff

---

[1] The basis for the discrepancy between the purchase price set forth in the contract of sale ($770,400) and the sum allegedly received by plaintiff ($757,920) is not readily apparent.

was, at the time, leasing a small portion of the property to a neighboring farmer for haying operations, WAC offered to extend the neighbor's WFP to plaintiff's property.  Although plaintiff declined to do so, it appears that the neighbor's WFP nonetheless was incorporated by reference into the deed conveying the conservation easement when the closing occurred in January 2008.

Prior to closing, plaintiff was in the process of converting an existing barn on the property into a residence, which, in turn, required the installation of a septic system.  A dispute thereafter arose between plaintiff, WAC and defendant New York City Department of Environmental Conservation as to whether, in accordance with the provisions of section 14 of the conservation easement between plaintiff and WAC, the septic system could be installed outside of the property's Acceptable Development Areas (hereinafter ADAs) — as such areas were described in the Baseline Documentation Report, which also was incorporated by reference into the conservation easement. Despite ongoing negotiations and disagreements on this point, the requested permit was issued in January 2011, and plaintiff thereafter installed the septic system — as planned — outside of the property's identified ADAs.

In November 2013, WAC issued program guidelines for the locating of septic systems and generally concluded that such systems must be located within a property's ADAs; that said, a septic system could be installed outside of a property's ADAs, but only with WAC's prior written approval.  Recognizing what WAC acknowledges is an inconsistency between the guidelines and certain of the conservation easements previously conveyed — including plaintiff's easement — the guidelines provide for the amendment of a property's ADAs with the cost and expense thereof to be borne by WAC.  According to WAC, plaintiff was offered but did not avail itself of this option.  Instead, plaintiff commenced this action in December 2013 seeking, among other things, rescission of the easement, a declaration of its rights thereunder and compensatory damages for breach of contract.  WAC and the municipal defendants separately moved to dismiss the complaint, arguing, among other things, that plaintiff lacked standing, that plaintiff's claims were time-barred and that plaintiff's claims should be dismissed for failure to join a

necessary party, i.e., the Attorney General.  Supreme Court granted defendants' respective motions and dismissed the complaint, prompting this appeal.

We affirm.  Assuming, without deciding, that (1) plaintiff has standing to maintain causes of action one through nine, (2) certain of those causes of action are not barred by the applicable statute of limitations, and (3) all of those causes of action should not otherwise be dismissed for failure to join the Attorney General as a necessary party, it nonetheless is clear that causes of action one through nine are barred by the provisions of ECL 49-0307 and were appropriately dismissed on that basis.  "Conservation easements are of a character wholly distinct from the easements traditionally recognized at common law and are excepted from many of the defenses that would defeat a common-law easement" (Stonegate Family Holdings, Inc. v Revolutionary Trails, Inc., Boy Scouts of Am., 73 AD3d 1257, 1261 [2010] [citation omitted], lv denied 15 NY3d 715 [2010]; see ECL 49-0305 [2], [5]; Matter of Friends of Shawangunks v Knowlton, 64 NY2d 387, 392 [1985]).  Pursuant to ECL 49-0307 (1), "[a] conservation easement held by a not-for-profit conservation organization may only be modified or extinguished" (1) pursuant to the terms of the instrument creating the easement, (2) in a proceeding pursuant to RPAPL 1951, or (3) by eminent domain. Notably, ECL 49-0307 provides the exclusive means by which a conservation easement may be modified or extinguished (see ECL 49-0305 [2]).

There is no question that WAC is a not-for-profit conservation organization (see ECL 49-0305 [3] [a]; 49-0307) and, further, that the action before us is not in the nature of either an RPAPL 1951 proceeding or an eminent domain proceeding.  Hence, the subject easement cannot be modified or terminated except under the terms set forth therein.  In this regard, the easement provides that it may be amended or modified upon the written consent of plaintiff and WAC, but a "material[] amend[ment]" thereof requires the additional consent of the Attorney General. Termination of the easement itself is permitted in only two instances — in the context of a condemnation proceeding upon notice to plaintiff, WAC, the Attorney General and the City or, alternatively, upon the joint request of such parties if —

preliminarily – the "conditions on or surrounding the [p]roperty change so much that it becomes impracticable to fulfill" the purpose of the easement.

Here, plaintiff's first five causes of action seek rescission of the easement upon basic contract principles, i.e., mutual mistake, intentional misrepresentation, negligent misrepresentation and frustration of contract. None of these grounds are set forth in either ECL 49-0307 or the easement itself and, as the statutes and legislative history make clear, defenses that exist at common law have no application in the context of a conservation easement (see ECL 49-0305 [2], [5]; 49-0307 [1]; Mem in Support, Bill Jacket, L 1983, ch 1020). Similarly, to the extent that plaintiff asserts that causes of action six through nine merely seek an "interpretation" of its rights under the conservation easement and, hence, would not run afoul of the provisions of ECL 49-0307, we disagree. Plaintiff effectively is seeking to reform the easement, and it is readily apparent that the "interpretation" advanced by plaintiff in this regard would result in either the termination of the easement itself or a material amendment thereto. As nothing in the record suggests that the conditions on or surrounding the property have changed to the point that it has become impracticable to fulfill the terms of the conservation easement, and as no other statutorily recognized grounds exist for the termination or modification thereof, Supreme Court properly dismissed plaintiff's first nine causes of action as barred by the provisions of ECL 49-0307.

We reach a similar conclusion with respect to plaintiff's cause of action premised upon the alleged violation of General Business Law § 349. "A cause of action to recover damages pursuant to [this statute] has three elements: first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act" (Benetech, Inc. v Omni Fin. Group, Inc., 116 AD3d 1190, 1190 [2014] [internal quotation marks and citations omitted], lv denied 23 NY3d 909 [2014]). For purposes of the statute, consumers are defined "as those who purchase goods and services for personal, family or household use" (id. at 1191 [internal quotation marks and

citations omitted]).  Although plaintiff alleged that WAC's conduct relative to the procurement of the conservation easement was misleading and deceptive and that plaintiff, in turn, sustained damages as a result thereof, noticeably absent is any allegation that WAC's actions and practices were directed at or had "a broader impact on consumers at large" (id. at 1190 [internal quotation marks and citations omitted]).  Inasmuch as plaintiff failed to satisfy this threshold requirement, Supreme Court properly dismissed this particular cause of action (see id. at 1191).

Turning to plaintiff's remaining causes of action (10, 11 and 12), plaintiff essentially alleges that it has been damaged — primarily in the form of a reduction in its overall property value — by virtue of WAC's voting procedures (specifically with reference to applications placed before its Easement Committee) and its policies relative to the siting of septic systems outside of the property's ADAs.  Supreme Court dismissed these causes of action, finding that plaintiff lacked standing to maintain them. "Standing is a threshold issue requiring an actual legal stake in the outcome of the action, namely an injury in fact worthy and capable of judicial resolution" (Matter of Ferran v City of Albany, 116 AD3d 1194, 1195 [2014] [internal quotation marks and citation omitted]).  Absent any indication that plaintiff has sought WAC's approval to site another septic system outside of the ADAs identified on its property, that WAC has thwarted plaintiff's efforts to place such an application before the Easement Committee or that any application so submitted has been denied, plaintiff's alleged injuries and claimed damages are entirely speculative, as they are predicated upon hypothetical, future events that may or may not come to pass (see generally Schulz v Cuomo, 133 AD3d 945, 947 [2015]).  While it arguably may be more accurate to say that plaintiff's claims — as set forth in these particular causes of action — are not justiciable (see id. at 947), the fact remains that they were properly dismissed. Plaintiff's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Lahtinen, J.P., McCarthy, Lynch and Devine, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court