ROBERT TOMASULO, Appellant, v VILLAGE OF FREEPORT, Respondent. WILLIAM M. GOODHUE, JR., Nonparty Appellant. [58 NYS3d 440]—

In a proceeding pursuant to CPLR article 78, which was converted into an action, inter alia, for a judgment declaring that sections 171-1 and 210-3 of the Freeport Village Code are unconstitutional, the plaintiff and nonparty William M. Goodhue, Jr., appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Brown, J.), dated June 22, 2015, as, upon, in effect, deeming the petition to be a complaint and the defendant's opposition papers to be a motion for summary judgment dismissing the complaint, in ef-

fect, granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff, Robert Tomasulo (hereinafter the Tenant), appearing pro se, commenced this CPLR article 78 proceeding against the Village of Freeport seeking, inter alia, a judgment declaring that sections 171-1 and 210-3 of the Freeport Village Code are unconstitutional. The Tenant contended that he lived in a single-family home with the owner of the property, nonparty William Goodhue, and two other unrelated individuals. The Tenant asserted, among other things, that the definition of "family" contained in the Village Code was unconstitutional and that it rendered his tenancy illegal. The Tenant further asserted that the Village had taken the position that his tenancy was illegal and had commenced criminal proceedings against the owner of the property. The Tenant alleged that the Village used the criminal proceedings to pressure the owner of the property to evict him from the property and that the owner had, in fact, commenced eviction proceedings against him.

The Village submitted opposition papers arguing that the Tenant lacked standing to seek a declaration as to the constitutionality of the disputed provisions of the Village Code because he had not been injured or threatened with injury as a result of those provisions. The Village also contended that the Tenant failed to state a cause of action for declaratory relief since he had failed to adequately allege the existence of a justiciable controversy.

In the order appealed from, the Supreme Court exercised its authority pursuant to CPLR 103 (c) to convert the proceeding into an action and, in effect, deemed the petition to be a complaint, and the opposition papers to be a motion for summary judgment dismissing the complaint. The court then, inter alia, in effect, granted the Village's motion for summary judgment dismissing the complaint on the ground that the Tenant lacked standing to seek the requested declaration and failed to set forth a cause of action for declaratory relief. We reverse the order insofar as appealed from.

The CPLR provides that a court "may render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy whether or not further relief is or could be claimed" (CPLR 3001). "The 'justiciable controversy' upon which a

declaratory judgment may be rendered requires not only that the plaintiffs in such an action have an interest sufficient to constitute standing to maintain the action but also that the controversy involve present, rather than hypothetical, contingent or remote, prejudice to plaintiffs" (*American Ins. Assn. v Chu*, 64 NY2d 379, 383 [1985]; *see Touro Coll. v Novus Univ. Corp.*, 146 AD3d 679, 679-680 [2017]; *Schulz v Cuomo*, 133 AD3d 945, 947 [2015]; *see also* 5-3001 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 3001.03).

Here, contrary to the Supreme Court's conclusion, the Tenant has presented a justiciable controversy which he has standing to maintain (*see McMinn v Town of Oyster Bay*, 105 AD2d 46 [1984], *affd* 66 NY2d 544 [1985]). The Tenant demonstrated a "threatened injury to [his] protected right" to his tenancy in the owner's house (*Matter of Daniel C.*, 99 AD2d 35, 42 [1984], *affd* 63 NY2d 927 [1984]; *see People v Parker*, 41 NY2d 21, 24 [1976]; *Oriental Blvd. Co. v Heller*, 27 NY2d 212, 220 [1970]; *Town of Islip v Cuomo*, 147 AD2d 56, 67 [1989]), such that he has adequately shown "an interest sufficient to constitute standing to maintain the action" (*American Ins. Assn. v Chu*, 64 NY2d at 383; *see McMinn v Town of Oyster Bay*, 105 AD2d at 50). Furthermore, contrary to the Village's contention, the allegations in the converted complaint adequately allege the existence of an actual controversy between the Tenant and the Village such that this case "involve[s] present, rather than hypothetical, contingent or remote, prejudice to [him]" (*American Ins. Assn. v Chu*, 64 NY2d at 383; *see New York Pub. Interest Research Group v Carey*, 42 NY2d 527 [1977]; *see also* 5-3001 Weinstein-Korn-Miller, NY Civ Prac ¶ 3001.03). Accordingly, the Village did not establish, prima facie, its entitlement to judgment as a matter of law, and the court should have denied the Village's motion for summary judgment dismissing the complaint.

Under the circumstances, we decline the appellants' request to search the record (*see generally* CPLR 3212 [b]; *Ginter v Flushing Terrace, LLC*, 121 AD3d 840, 845 [2014]; *Gammons v City of New York*, 109 AD3d 189, 203 [2013], *affd* 24 NY3d 562 [2014]). Chambers, J.P., Miller, Maltese and Duffy, JJ., concur.