Alloway v Bowlmor Amf Corp. (2020 NY Slip Op 06889)





Alloway v Bowlmor Amf Corp.


2020 NY Slip Op 06889


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, TROUTMAN, AND DEJOSEPH, JJ.


705 CA 19-00401

[*1]JO ALLOWAY, ET AL., PLAINTIFFS-APPELLANTS,
v
BOWLMOR AMF CORP., AMF BOWLING CENTERS, INC., KINGPIN INTERMEDIATE HOLDINGS, LLC, CERBERUS CAPITAL MANAGEMENT, LP, TOM SHANNON, BRETT PARKER, ETHAN KLEMPERER, ERIK WRIGHT, ROBERT DAVENPORT, JERRY COMSTOCK, JOHN YOUNG, GERRY MADIGAN, MICHAEL ELKINS, CERBERUS CAPITAL LP, CERBERUS INSTITUTIONAL PARTNERS LP, CERBERUS INSTITUTIONAL ASSOCIATES, LLC, CERBERUS OPERATIONS AND ADVISORY COMPANY, LLC, CERBERUS CALIFORNIA LLC, CERBERUS SERIES FOUR HOLDINGS, LLC, AAI PENTWATER FUND P.L.C., CHASE LINCOLN FIRST COMMERCIAL CORP., COBALT RECREATION LLC, SELOUS CAPITAL II LLC, OCEANA MASTER FUND LTD, PENTWATER EQUITY OPPORTUNITIES MASTER FUND LTD., PENTWATER EVENT DRIVEN CAYMAN FUND LTD., PWCM MASTER FUND, LTD, MAP 98 SEGREGATED PORTFOLIO OF LMA SPC, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. 






DOWE PARTNERS, LLC, BRONXVILLE, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP, NEW YORK CITY (ROBERTO FINZI OF COUNSEL), AND HANCOCK ESTABROOK, LLP, SYRACUSE, FOR DEFENDANTS-RESPONDENTS BOWLMOR AMF CORP., AMF BOWLING CENTERS, INC., KINGPIN INTERMEDIATE HOLDINGS, LLC, TOM SHANNON, BRETT PARKER, ETHAN KLEMPERER, ERIC WRIGHT, ROBERT DAVENPORT, JERRY COMSTOCK, JOHN YOUNG, GERRY MADIGAN, MICHAEL ELKINS, COBALT RECREATION LLC, AND SELOUS CAPITAL II LLC. 
CERBERUS CALIFORNIA LLC, AND CERBERUS SERIES FOUR HOLDINGS, LLC. 
DUANE MORRIS LLP, NEW YORK CITY (ANDREW L. FISH OF COUNSEL), FOR DEFENDANTS-RESPONDENTS CHASE LINCOLN FIRST COMMERCIAL CORP., AAI PENTWATER FUND P.L.C., OCEANA MASTER FUND LTD., PENTWATER EQUITY OPPORTUNITIES MASTER FUND LTD., PENTWATER EVENT DRIVEN CAYMAN FUND LTD., PWCM MASTER FUND, LTD., AND MAP 98 SEGREGATED PORTFOLIO OF LMA SPC. 


 Appeal from an order of the Supreme Court, Oneida County (Patrick F. MacRae, J.), entered January 31, 2019. The order, inter alia, granted the motions of defendants-respondents to dismiss the third amended complaint against them. 
It is hereby ORDERED that said appeal insofar as it concerns the imposition of sanctions against plaintiffs' counsel is unanimously dismissed and the order is affirmed without costs.
Memorandum: Plaintiffs are 70 former employees of defendant AMF Bowling Centers, Inc. who filed a complaint with the Equal Employment Opportunity Commission alleging age discrimination. In the present action, plaintiffs allege that defendants engaged in various unlawful transactions that rendered insolvent defendant Bowlmor AMF Corp. (Bowlmor), the parent company of AMF Bowling Centers, Inc. Defendants-respondents (defendants) moved to dismiss the third amended complaint against them, and Bowlmor, among others, separately moved for costs and sanctions against plaintiffs and their counsel (Bowlmor motion). Plaintiffs appeal from an order granting defendants' respective motions to dismiss and granting the Bowlmor motion insofar as it sought sanctions against plaintiffs' counsel.
We note at the outset that plaintiffs' appeal insofar as it concerns the imposition of sanctions against plaintiffs' counsel must be dismissed (see generally Scopelliti v Town of New Castle, 92 NY2d 944, 945 [1998]). Only an aggrieved party may appeal from an order (see generally CPLR 5511) and, here, it is plaintiffs' counsel rather than plaintiffs themselves who is aggrieved by the court's imposition of sanctions (see Scopelliti, 92 NY2d at 945; Moore v Federated Dept. Stores, Inc., 94 AD3d 638, 639 [1st Dept 2012], lv dismissed 19 NY3d 1065 [2012]).
Contrary to plaintiffs' contention, we conclude that Supreme Court properly granted defendants' motions to dismiss the third amended complaint against them inasmuch as plaintiffs lack standing to commence this action (see Argyle Farm & Props., LLC v Watershed Agric. Counsel of the N.Y. City Watersheds, Inc., 135 AD3d 1262, 1266 [3d Dept 2016]). "The doctrine of standing is an element of the larger question of justiciability and is designed to ensure that a party seeking relief has a sufficiently cognizable stake in the outcome so as to present a court with a dispute that is capable of judicial resolution" (Security Pac. Natl. Bank v Evans, 31 AD3d 278, 279 [1st Dept 2006], appeal dismissed 8 NY3d 837 [2007]; see Matter of ADM, LLC v Village of Macedon, 101 AD3d 1717, 1718 [4th Dept 2012]). "The most critical requirement of standing . . . is the presence of 'injury in fact—an actual legal stake in the matter being adjudicated' " (Security Pac. Natl. Bank, 31 AD3d at 279, quoting Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772 [1991]).
Here, the primary relief sought in plaintiffs' third amended complaint is the "rescission of previous sales and transfers of Bowlmor assets." Plaintiffs allege that those transactions financially ruined Bowlmor and will result in its inability to pay future judgments owed to plaintiffs. Significantly, the latter allegation is based on the assumption that plaintiffs are successful in their age discrimination lawsuits that have not yet been filed. Further, plaintiffs did not allege that they are shareholders, directors, or that they hold any ownership interest in Bowlmor, and defendants established that there is no pending bankruptcy proceeding with respect to Bowlmor. Thus, we conclude that plaintiffs' "alleged injuries and claimed damages are entirely speculative, as they are predicated upon hypothetical, future events that may or may not come to pass" (Argyle Farm & Props., LLC, 135 AD3d at 1266).
Finally, we have reviewed plaintiffs' remaining contentions and conclude that none warrants modification or reversal of the order.
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court