| |
|---|
| **NG Crown 20 E. 46th St. LLC v 18-20/22 E. 46th St. L.L.C.** |
| 2025 NY Slip Op 30413(U) |
| January 31, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 656817/2022 |
| Judge: Andrew Borrok |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 53

------------------------------------------------------------------------------------X

NG CROWN 20 E. 46TH STREET LLC,20 E 46 LENDER LLC,

|  |  |
|---|---|
| **INDEX NO.** | 656817/2022 |

Plaintiff,

|  |  |
|---|---|
| **MOTION DATE** | 06/21/2024, 11/13/2024 |

- v -

18-20/22 EAST 46TH STREET L.L.C.,

|  |  |
|---|---|
| **MOTION SEQ. NO.** | 003 004 |

Defendant.

**DECISION + ORDER ON MOTION**

------------------------------------------------------------------------------------X

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 003) 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 128, 129, 130, 131, 132, 133, 134, 136, 137, 138, 139, 140

were read on this motion to/for                DISMISS                .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171

were read on this motion to/for        AMEND CAPTION/PLEADINGS        .

20 E 45 Lender LLC's motion to amend (CPLR 3025[b]) and substitute Madison 46th Realty

LLC and 20 E 46 BH LLC for the plaintiff NG Crown 20 E. 46th Street LLC (**NG Crown**) and to

amend the caption is GRANTED.

The determination of whether to permit substitution is addressed to the sound discretion of the

Court (*Rosenfeld v Hotel Corp. of America*, 20 NY2d 25 [1967]). Pursuant to CPLR § 1021, a

"motion for substitution may be made by the successors or representatives of a party or by any

party." "Upon any transfer of interest, the action may be continued by or against the original

parties unless the court directs the person to whom the interest is transferred to be substituted or

joined in the action" (CPLR § 1018). The defendant in this case is simply not correct that there

**656817/2022   NG CROWN 20 E. 46TH STREET LLC vs. 18-20/22 EAST 46TH STREET L.L.C.**          **Page 1 of 4**
  **Motion No.  003 004**

is any discernable prejudice by virtue of the substitution. Paul Wassenbergh's (NG Crown's representative) deposition has been schedule for March 18, 2025. This has been so-ordered by the Court. This case has been pending for two years where the parties have engaged in discovery. Even if this were not the case, and/or additional third-party discovery is needed, the defendant is entitled to all third-party discovery "relevant to the prosecution or defense of [this] action" (*Kapon v Koch*, 23 NY3d 32 [2014]; CPLR § 3101 [a][4]. The lender-intervenor has also been responsive in discovery. Thus, the motion is granted.

The defendant is also not entitled to dismissal of the complaint (NYSCEF Doc. No. 61) which seeks declaratory relief:

> (a) Declaring that any order, judgment, settlement, assignment, assumption or other disposition of the Ground Lease and Premises in this Yellowstone Action as may be obtained by Landlord, Tenant, and/or any third-party shall not adversely affect, prejudice, preclude, estop or impair Lender's rights, remedies, claims and interests, as leasehold mortgagee under the Ground Lease, pursuant to the Loan Documents, and in connection with the Foreclosure Action;
>
> (b) Awarding Lender injunctive relief restraining and enjoining Landlord from terminating the Ground Lease without first (i) providing written notice to Lender according to the express terms and conditions of the Ground Lease, and (ii) offering Lender a new ground lease of the Premises with Landlord for the remainder of what otherwise would have been the term of the Ground Lease, at the rent and upon all of the same terms and conditions of the Ground Lease;
>
> (c) Declaring that Lender (in its own name or through a receiver appointed by the Court in the Foreclosure Action) may commence measures to cure the Sprinkler Project default and any other defaults arising under the Ground Lease during the pendency of this Yellowstone Action, and affording Lender or Court-appointed receiver a reasonable opportunity to undertake efforts to cure;
>
> (d) Granting Lender the costs and disbursements of this action, including reasonable attorneys' fees and expenses; and
>
> (e) Granting Lender such other and further relief as the Court may deem just and proper.

**656817/2022   NG CROWN 20 E. 46TH STREET LLC vs. 18-20/22 EAST 46TH STREET L.L.C.**          **Page 2 of 4**
**Motion No.  003 004**

[* 2]

2 of 4

(NYSCEF Doc. No. 61 at 13-14).

A declaratory judgment requires that "the controversy involve present, rather than hypothetical, contingent or remote, prejudice to plaintiffs" (*American Ins. Ass'n v Chu*, 64 NY2d 379, 283 [1985]). Declaratory relief is not an extraordinary remedy and is available in a wider range of circumstances than it is prohibited (*Morgenthau v Erlbaum*, 59 NY2d 143, 148 [1983]). Simply put, upon the record before the Court, the defendant's position is that it can terminate the lease and no further cure rights. This appears to be at odds with express provisions of the lease as to the lender's rights and presents a non-hypothetical controversy. As such, the motion is denied.

The Court has considered the remaining arguments and finds them unavailing.

Accordingly, it is hereby ORDERED that the motion to dismiss (Mtn. Seq. No. 003) is DENIED; and it is further

ORDERED that the motion to substitute NG Crown 20 E. 46TH Street LLC and amend the caption (Mtn. Seq. No. 004) is GRANTED; and it is further

ORDERED that the action is severed and discontinued against NG Crown 20E. 46th Street LLC; and it is further

ORDERED that the caption be amended to read as follows:

-------------------------------------------------------------------------------X

MADISON 46TH REALTY LLC, 20 E 46 BH LLC, 20 E 46 LENDER LLC,

Plaintiff,

- v -

18-20/22 EAST 46TH STREET L.L.C.,

Defendant.

-----------------------------------------------------------------------------------X

to reflect the substitution and that all future papers filed with the court bear the amended caption; and it is further

ORDERED that counsel for the moving party shall serve a copy of this order with notice of entry upon the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119), who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

20250131115144AB0RR0K1D2A92C546604D7E99A88E64458E9789

| **1/31/2025** | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | **ANDREW BORROK, J.S.C.** | | |
| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 4]